BATES *v.* BOYCE'S ESTATE.

CONVERSION OF CORPORATE PROPERTY—STOCKHOLDER'S ACTION—
  LIMITATIONS.

  Where an action for the conversion of the property of a corpo-
    ration would be barred by the statute of limitations if prose-
    cuted by the corporation itself, it is equally barred if brought
    in the name of a stockholder, since a recovery would inure to
    the benefit of the corporation and all its stockholders.

Error to Bay; Shepard, J. Submitted November 18,
1903. (Docket No. 132.) Decided February 2, 1904.

Mary J. Bates, administratrix of the estate of Edward J.
Boyce, deceased, presented a claim against the estate of Jon-
athan Boyce, deceased, for the conversion of the interest of
her intestate in a corporation. The claim was disallowed
by the commissioners, and claimant appealed to the circuit
court. From a judgment for defendant on verdict directed
by the court, claimant brings error. Affirmed.

*William Carpenter* (*E. A. Cooley*, of counsel), for
appellant.

*Simonson, Gillett & Clark* (*Humphrey & Grant*, of
counsel), for appellee.

MOORE, C. J. The circuit judge directed a verdict in
favor of defendant. The plaintiff has brought the case
here by writ of error.

On the part of the plaintiff it is claimed that in March,
1883, the Houghton Lake Lumber Company was organ-
ized, the stockholders in which were Jonathan Boyce,
holding $80,000 of stock, Isabella J. Boyce, his wife, $10,000
of stock, and Edward J. Boyce, their son, $10,000 of
stock. The last-named amount was given to the son by
the father. It is claimed the company entered upon active

operations the last of March under the management of the son, and continued to do business until July 31, 1883, when the father, having become angry with the son, made a bill of sale of all the property of the corporation to himself, and, it is claimed, paid to the other stockholders nothing. The son sought employment elsewhere. He died in April, 1887, leaving a widow, the plaintiff in this case, who has since married Mr. Bates. Jonathan Boyce died in 1902. The widow, according to her testimony, learned that her husband had an interest in the defunct corporation in 1894, though it is claimed she did not get definite knowledge in relation thereto until later. In 1902 the plaintiff filed a claim in probate court against the estate of Jonathan Boyce for the conversion of the $10,000 interest of Edward J. Boyce in the lumber company in August, 1883, $10,000, and interest thereon amounting to $13,490.52; total, $23,490.52. The claim was disallowed by the commissioners. An appeal was taken to the circuit court, where the circuit judge directed a verdict in favor of defendant.

A good many questions are raised by counsel. We think it necessary to discuss but one of them. If Mr. Jonathan Boyce wrongly converted the property of the corporation, it had a cause of action against him. Mrs. Bates now stands in the place of Edward J. Boyce, a stockholder in the corporation. Had he brought the action, even though he did it in his own name, it would be one in behalf of the corporation, and the recovery would be for the benefit of the corporation and all its stockholders. The statute of limitations would have run against such an action the same as it would had the action been brought by the corporation itself. See *Wallace* v. *Bank*, 89 Tenn. 630 (15 S. W. 448, 24 Am. St. Rep. 625); *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185, 193 (1 N. E. 663). See, also, 1 Mor. Priv. Corp. § 271. In the case at bar the conversion of the corporate property is claimed to have taken place in 1883. The cause of action was therefore barred in 1889,

13 years before this claim was filed.   See *Bresnahan* v. *Nugent*, 92 Mich. 76 (52 N. W. 735).

Judgment is affirmed.

CARPENTER, GRANT, and MONTGOMERY, JJ., concurred.   HOOKER, J., took no part in the decision.