PONTIAC PACKING CO. *v.* HANCOCK.

1. CORPORATIONS—STOCK DIVIDEND—FRAUD.
    Where declaration of 150 per cent. capital stock dividend by directors was based largely on unwarranted revaluation of lease, and not on actual surplus, finding of trial court that said dividend was fraudulent was justified.

2. SAME—PARTIES—REDRESS OF FRAUD.
    Redress for fraudulent declaration of stock dividend by directors
    may be had at suit of corporation itself.

3. SAME—EQUITY—RELIEF.
    In corporation's suit to cancel and have surrender of certificates
    of capital stock fraudulently issued as dividend, and for ac-
    counting for cash dividends paid thereon, relief should not be
    refused because some of wrongdoers may incidentally benefit
    therefrom.

4. SAME—FRAUDULENT ISSUE OF STOCK DIVIDEND.
    Fraudulent declaration of capital stock dividend by directors
    after stockholders had voted to increase corporation's capital
    stock, was wrong against corporation and prejudicial to rights
    of those stockholders to whom remaining shares of increase
    of stock were sold.

5. SAME—LIMITATION OF ACTIONS.
    Statutes of limitation run against corporations.

6. SAME—RIGHT OF ACTION LOST TO CORPORATION LOST TO STOCK-
    HOLDERS.
    Right of action lost to corporation under statute of limitations
    is not saved by fact that some stockholders had no knowledge
    of matter, so that, if corporation is estopped, so are stock-
    holders.

7. LIMITATION OF ACTIONS—CORPORATION'S SUIT BARRED BY STATUTE.
    Corporation's suit for redress of fraudulent issue of capital
    stock as dividend by directors is barred by statute of limita-
    tions (3 Comp. Laws 1929, § 13976), where not commenced
    until nearly 10 years after stock was issued.

8. CORPORATIONS—LIMITATION OF ACTIONS—DISABILITY TO BRING
    SUIT NOT CONSIDERED WHERE NOT URGED.
    Whether corporation was under disability to bring suit for re-
    dress of directors' fraudulent issue of capital stock as divi-
    dend because its business and affairs were dominated by per-
    petrators of fraud, and therefore statute of limitations would
    not run against it, not having been urged in either trial court
    or Supreme Court, will not be considered by latter court.

Appeal from Oakland; Houghton (Samuel G.), J.,
presiding. Submitted June 4, 1931. (Docket No. 90,

Calendar No. 35,786.)    Decided October 5, 1931.    Re-hearing denied January 4, 1932.

Bill by Pontiac Packing Company, a Michigan corporation, against Victor H. Hancock and others to return proceeds from sale of and dividends upon stock alleged to have been fraudulently issued. Decree for plaintiff. Both parties appeal. Reversed.

*George E. Nichols* and *A. A. Worcester,* for plaintiff.

*Patterson & Patterson* and *Judson A. Fredenburgh,* for defendants.

CLARK, J.  Facts essential to decision are as follows:  Plaintiff is a domestic corporation engaged in business indicated by its name.  The bill was filed by it and in its name on April 2, 1930, to cancel and to have surrender of certificates of capital stock issued as a stock dividend to common stockholders, and for accounting of cash dividends paid thereon.  Defendants are the directors and the common stockholders who received the stock dividend.  Plaintiff had decree.  Both plaintiff and defendants have appealed.

On April 1, 1920, the stockholders voted unanimously to increase the capital stock from $75,000 to $225,000, and it was done.  On April 23, 1920, the directors declared a stock dividend of 150 per cent., par value $72,000, to common stockholders, and distribution was made accordingly.

A book basis and paper surplus for such dividend were made by revaluation of a lease and a write-up accordingly on the books of the company.  The valuation was changed from nearly $14,000 to approximately $86,000.

It was the purpose and intention of the directors to sell to the public the remainder of the increase of

stock at par, and sales were made in a total of $32,100. In the course of time, as might be expected, some of the stock issued as a dividend was sold and transferred. Part of it is still held by some of the defendants. Dividends have been paid from time to time on all common stock outstanding. The total of dividends paid on the stock issued and distributed as stock dividend is nearly $31,000.

The corporation brought this suit upon a majority vote of the directors, and this, it is apparent, was at the instance and complaint of the class of stockholders who purchased, from the corporation, stock intended for and sold to the public as stated.

The decree is that defendants severally return the stock (or shares equal in number) they received, or pay value for it, and that they severally pay back cash dividends which they received thereon.

There was no surplus of $72,000 which might be converted into capital by means of distributing shares as stock dividend. Testimony that the lease was capable of the revaluation is not persuasive. Evidence to the contrary, which includes the records of the corporation itself, is most convincing and must prevail here, as it did in the trial court.

Prior to the stock dividend in 1920, the leasehold had been carried as a separate item on the books of the company. Upon the revaluation of the lease, the transaction was shaded by charging leasehold into building and machinery account, and the whole carried in one total, and this was continued until 1926 at least. While palliation of what was done is attempted by testimony that defendants, by diligence and ability, had built up a profitable and growing business, there is no escape from a holding that the stock dividend was fraudulent.

On the question of whether the corporation can maintain this bill, appellants have developed the

theory of a decision, *Old Dominion Copper, etc., Co.* v. *Lewisohn,* 210 U. S. 206 (28 Sup. Ct. 634), and stress the points, viz.: the corporation was not injured, none of its assets being disbursed by the distribution of stock; no creditor was harmed; the preferred stockholders were not prejudiced and have not complained, having the same security behind their stock as they had before; and the then common stockholders partook of the dividend equally or ratably and did not, and could not, complain. And appellants urge that, up to this point at least, no one was harmed, and no one could complain. They further contend that the fact that sale of other remaining stock to the public was then contemplated and later sold and issued does not change the situation to give rise to a right in the corporation to maintain this bill.

Assuming, for sake of argument, this to be the effect of the holding in the cited case, it is to be noted that this court does not follow it. The same matter was before the supreme judicial court of Massachusetts, *Old Dominion Copper, etc., Co.* v. *Bigelow,* 203 Mass. 159 (89 N. E. 193, 40 L. R. A. [N. S.] 314), and a different conclusion reached. In *American Forging & Socket Co.* v. *Wiley,* 206 Mich. 664, 672, we said: "This court has adopted the doctrine of the Massachusetts case." See, also, *Cuba Colony Co.* v. *Kirby,* 149 Mich. 453; *Hayward* v. *Leeson,* 176 Mass. 310 (57 N. E. 656); *Old Dominion Copper, etc., Co.* v. *Bigelow,* 188 Mass. 315 (74 N. E. 653, 108 Am. St. Rep. 479); 3 Cook on Corporations (7th Ed.), p. 2605. Under the authority herein cited, redress may be had at the suit of the corporation itself. 14 C. J. pp. 463–466; 1 Cook on Corporations (8th Ed.), § 38; *Detroit Trust Co.* v. *Goodrich,* 175 Mich. 168 (Ann. Cas. 1915A, 821).

That decree here, if carried out, may result in incidental benefit to some of the wrongdoers is not ground for refusing relief. *Old Dominion Copper, etc., Co.* v. *Lewisohn, supra.*

This suit having been commenced nearly 10 years after the fraudulent issue of stock, it is urged that recovery is barred under the six-year limitation (3 Comp. Laws 1929, § 13976).

The fraudulent issue of the stock of the corporation was a wrong against it and it was prejudicial to the rights of those stockholders to whom issue and sale by the corporation of remaining shares of the increase of stock were intended and to whom sales were made. In behalf of plaintiff, it is urged that this is a stockholders' bill and that all or nearly all the so-called innocent stockholders had no knowledge of the fraud until just before beginning this suit, and that the statute will not begin to run against them until they know of the fraud or may be charged with knowledge of it.

Be that as it may, this is not a stockholders' bill. It is a bill by the corporation in its own behalf and in behalf of all of its stockholders. Statutes of limitation run against corporations. A right of action lost to a corporation under a statute of limitations is not saved by the fact that some of the stockholders had no knowledge of the matter. If the corporation is estopped, so are the stockholders. *Tevis* v. *Hammersmith,* 170 Ind. 286 (84 N. E. 337); *Fleming* v. *Black Warrior, etc., Co.,* 15 Ariz. 1 (136 Pac. 273, 51 L. R. A. [N. S.] 99).

It is urged there was fraudulent concealment of the matter from the so-called innocent stockholders. That might be interesting if this were a personal suit of one of such stockholders to recover damages for fraud or to recover in rescission for fraud, but it is of no importance here. There was no concealment

from the corporation. It had, by its directors, full knowledge, both actual and constructive. If the corporation, for a period of years, sufficient here to toll the statute, had been under disability in respect of this matter, that is, its business and affairs dominated and controlled by the perpetrators of the fraud, a different question would be presented. It is said in *Whitten* v. *Dabney,* 171 Cal. 621 (154 Pac. 312):

"So long as the corporation itself remains under disability and is powerless to act by virtue of the fact that its control is in the hands of a board of directors accused of participation in the frauds, the statute of limitations does not run against it. It is like the minority of an infant. His rights are not lost until he, after attaining majority, acquiesces for the prescribed time, and by acquiescence affirms the acts done against his interests."

See, also, 3 Cook on Corporations (8th Ed.), § 644 *et seq.*

It is not contended that there was here any such disability. It is argued by counsel for defendants, seemingly outside the record, that there was in fact no disability for a period of nearly seven years before suit. But disability of the corporation, being urged neither in the trial court nor in this court, will not be considered. And there is therefore no force in the argument of continuing fraud. The statute of limitations is a bar to this suit. *Bates* v. *Boyce's Estate,* 135 Mich. 540 (106 Am. St. Rep. 402); *Detroit Trust Co.* v. *Goodrich, supra.*

Reversed. Bill dismissed. Costs to defendants.

BUTZEL, C. J., and MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. WIEST, J., did not sit.