# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN MADDEN,

        Plaintiff-Appellant,

v

JOSEPH A. AVILA, ALAN E. BARTON,
CHRISTOPHER P. BELDEN, ROBERT I. FREY,
WILLIAM J. KETELHUT, MARK D. MORELLI,
STEPHEN RABINOWITZ, and GEORGE A.
SCHREIBER, JR.,

        Defendants-Appellees.

UNPUBLISHED
October 20, 2016

No. 326716
Oakland Circuit Court
LC No. 2014-138923-CB

Before: GADOLA, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Plaintiff filed this action in his capacity as trustee in bankruptcy for Energy Conversion Devices, Inc. (ECD) against defendants, who were all former members of ECD's board of directors, asserting claims for breach of fiduciary duty and breach of care. The circuit court granted defendants' motion for summary disposition under MCR 2.116(C)(7) and dismissed plaintiff's claims after concluding that the claims were time-barred by MCL 450.1541a(4). Plaintiff appeals as of right. For the reasons cited in this opinion, we affirm the circuit court's order in part, reverse in part, and remand for further proceedings.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

ECD is a Delaware corporation with its principal place of business in Auburn Hills, Michigan, that manufactures products in the alternative-energy industry. In 2008, Credit Suisse International (Credit Suisse) served as the lead underwriter for an ECD "bond offering of up to $316.3 million of 3.00% convertible senior unsecured bonds due in 2013 and a concurrent public offering of 4,714,975 shares of its common stock." According to plaintiff, the bond offering "included a unique share lending agreement [SLA] that eliminated high borrowing costs that would normally deter short selling."[1] The SLA "allowed some financial and investment firms,

---

[1] The amended complaint described short selling as follows:

including Credit Suisse, to borrow ECD common stock virtually for free," while the "bonds practically eliminated the risk associated with aggressive short positions against ECD stock," by providing "bondholders with a safety net should their short attacks on ECD common stock fail."

On February 14, 2012, ECD filed a petition for bankruptcy. Two years later, on February 14, 2014, plaintiff filed a complaint alleging that defendants led ECD into bankruptcy on the basis of two improper decisions. First, plaintiff asserted that in 2008, defendants extended the credit of one of its customers, Solar Integrated Technologies, Inc. (SIT), from $10 million to $15 million, despite the fact that defendants knew or should have known that SIT was in severe financial distress. According to plaintiff, in 2009, defendants then voted to acquire SIT in an effort to conceal the risks inherent in ECD's extension of credit to SIT. Second, plaintiff alleged that in 2009 and 2010, defendants improperly hired financial advisors from "the same firms that served as underwriters for the bond issuance and stock offering, [which] were conflicted because they had strong financial incentive to see ECD's stock decline in price."

Defendants filed a motion for summary disposition under MCR 2.116(C)(7) and (8), asserting that plaintiff's claims were time-barred by the limitations period set forth in MCL 450.1541a(4) because the claims were filed more than two years after ECD discovered, or should have discovered, its claims. Plaintiff responded that MCL 450.1541a(4) only applied to "claims against the directors of *Michigan* corporations," and therefore could not bar plaintiff's claims on behalf of ECD as a Delaware corporation. Plaintiff further asserted that summary disposition was inappropriate because, even if the two-year discovery period in MCL 450.1541a(4) applied, it was tolled by the doctrine of adverse domination for as long as defendants controlled ECD and by the doctrine of fraudulent concealment because defendants' act of voting to acquire SIT served to conceal the risks of their earlier decision to extend SIT's credit. Lastly, plaintiff argued that there were genuine issues of material fact regarding when ECD discovered, or should have discovered, defendants' breaches.

Following a hearing, the circuit court concluded that MCL 450.1541a(4) applied to plaintiff's claims, despite the fact that ECD was incorporated in Delaware. Regarding plaintiff's claim of conflicted advisors, the court determined that the board members' knowledge of the advisors' alleged conflicts could be imputed to ECD, so ECD should have discovered its claim in 2009 when it first hired an allegedly conflicted financial advisor. Further, the court concluded that ECD should have discovered its claim regarding the acquisition of SIT in 2009 when the acquisition occurred. Accordingly, the court ruled that plaintiff discovered, or should have discovered, its claims in 2009, and the two-year discovery period in MCL 450.1541a(4) expired in 2011, well before plaintiff filed its bankruptcy petition or the current action. Finally, the court

Short selling is an investment strategy in which an investor, anticipating that the stock price will decline, borrows shares of a company and then sells those shares. If the price of the share does indeed decline, the investor then purchases shares at the lower price and returns the amount of shares that had been borrowed to the lender. The profit that the investor receives is . . . equal to the value of the sold borrowed shares less the cost of repurchasing the shares that are returned to the lender.

concluded that the doctrine of fraudulent concealment could not toll the filing period because MCL 450.1541a(4) was a statute of repose rather than a statute of limitation.

## II. STANDARD OF REVIEW

We review de novo a circuit court's ruling on a motion for summary disposition. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). If a statute of limitations bars a claim, the circuit court may grant summary disposition pursuant to MCR 2.116(C)(7). "In reviewing a motion under subrule (C)(7), a court accepts as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor." *Castro v Goulet*, 312 Mich App 1, 3; 877 NW2d 161 (2015) (quotation marks and citation omitted). In reviewing a motion under MCR 2.116(C)(7), courts must consider "[t]he affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties." MCR 2.116(G)(5). "If the pleadings or other documentary evidence reveal no genuine issues of material fact, the court must decide as a matter of law whether the claim is statutorily barred." *Holmes v Mich Capital Med Ctr*, 242 Mich App 703, 706; 620 NW2d 319 (2000).

We also review de novo questions of statutory interpretation. *Pohutski v City of Allen Park*, 465 Mich 675, 681; 641 NW2d 219 (2002). When interpreting a statute, we

> give the words of a statute their plain and ordinary meaning, looking outside the statute to ascertain the Legislature's intent only if the statutory language is ambiguous. Where the language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written. Similarly, courts may not speculate about an unstated purpose where the unambiguous text plainly reflects the intent of the Legislature. [*Id.* at 683 (quotation marks and citations omitted).]

## III. DISCUSSION

On appeal, plaintiff challenges the circuit court's grant of summary disposition in multiple respects. First, plaintiff argues that the circuit court erred by applying the limitations period in MCL 450.1541a(4), rather the period in MCL 600.5805(10). Plaintiff also asserts that the circuit court misread MCL 450.1541a(4) as a statute of repose. Plaintiff contends that the circuit court erred by rejecting plaintiff's claim that a tolling doctrine, either fraudulent concealment or adverse domination, applied to extend the period of limitations. Moreover, plaintiff argues, the circuit court misinterpreted MCL 450.1541a(4) as requiring ECD to discover its claims within two years of defendants' breaches of their fiduciary duties, instead of within two years of the date on which ECD should have discovered the accrual of these claims.

We conclude that the circuit court correctly rejected plaintiff's argument that the Business Corporation Act (BCA), MCL 450.1101 *et seq.*, which contains MCL 450.1541a(4), does not apply to ECD as a Delaware corporation. The parties do not dispute that ECD was incorporated in Delaware, but operates its principal place of business in Auburn Hills, Michigan. By its plain terms, the BCA "applies to every domestic corporation and to every foreign corporation which is authorized to or does transact business in this state except as otherwise

provided in this act or by other law." MCL 450.1121. ECD is a foreign corporation for purposes of the BCA. MCL 450.1107(1) (defining "foreign corporation" as "a corporation for profit formed under laws other than the laws of this state, which includes in its purposes a purpose for which a corporation may be formed under this act"). Plaintiff has failed to identify, and we have not found, any section of the BCA, or any "other law," that would exempt ECD from the BCA.[2]

We further conclude that the circuit court properly applied MCL 450.1541a(4) to plaintiff's claims. MCL 450.1541a(4) provides the following:

> An action against a director or officer for failure to perform the duties imposed by [MCL 450.1541a(1)(a) through (c)] shall be commenced *within 3 years after the cause of action has accrued, or within 2 years after the time when the cause of action is discovered or should reasonably have been discovered, by the complainant, whichever occurs first.* [Emphasis added.]

The circuit court properly applied the two-year discovery period on the basis of the relevant, undisputed record. Plaintiff's complaint set forth the dates when ECD learned, or reasonably should have learned, of defendants' alleged breaches. In the circuit court, plaintiff acknowledged that Credit Suisse and ECD entered the SLA in June 2008, that ECD acquired Solar Integrated Technologies, Inc. (SIT) in 2009, and that ECD first hired Credit Suisse as a financial advisor in 2009. Further, the parties do not dispute that ECD filed a bankruptcy petition on February 14, 2012, which tolled the applicable limitations period for two years pursuant to 11 USC 108(a) and 11 USC 301(b),[3] and that plaintiff filed this action on February 14, 2014. Therefore, the parties agree that the two-year discovery period in MCL 450.1541a(4) does not bar claims accruing after February 14, 2010.

The circuit court also correctly rejected plaintiff's contention that genuine issues of material fact existed regarding when ECD learned of defendants' alleged breaches. As a matter of law, ECD became aware of the breaches when its board members did. In *Gordon v Sel-Way, Inc v Spence Bros, Inc*, 177 Mich App 116, 124-125; 440 NW2d 907 (1989), aff'd in part and rev'd in part on other grounds, 438 Mich 488, 490; 475 NW2d 704 (1991), this Court stated:

> When a person representing a corporation is doing a thing which is in connection with and pertinent to that part of the corporation business which he is

---

[2] Plaintiff does not challenge the circuit court's conclusion that Michigan, rather than Delaware, law applies to this case. See *Hall v Gen Motors Corp*, 229 Mich App 580, 585-587; 582 NW2d 866 (1998) (describing the "interest analysis" applicable to "which state's law governs a suit where more than one state's law may be implicated").

[3] 11 USC 108(a) states that "[i]f applicable nonbankruptcy law . . . fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition," the trustee may commence such an action "two years after the order for relief." "The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." 11 USC 301(b).

employed, or authorized or selected to do, then that which is learned or done by that person pursuant thereto is in the knowledge of the corporation. The knowledge possessed by a corporation about a particular thing is the sum total of all the knowledge which its officers and agents, who are authorized and charged with the doing of the particular thing acquire, while acting under and within the scope of their authority. [Quotation marks and citation omitted.]

Plaintiff failed to argue that defendants exceeded the scope of their authority by voting to approve the transactions in which they allegedly breached their duties to ECD. Therefore, the circuit court properly attributed defendants' knowledge of the transactions to ECD.

Plaintiff maintains that the circuit court misinterpreted MCL 450.1541a(4) as requiring ECD to discover its claims within two years of defendants' breaches of their duties, rather than within two years of the date on which ECD should have discovered the accrual of these claims. To "maintain a suit pursuant to [MCL 450.1541a(1)], a plaintiff must show *conduct that did not conform to three requirements*, including that a director act in good faith, with the care of an ordinarily prudent person, and in the best interests of the corporation." *Estes v Idea Engineering & Fabricating, Inc*, 250 Mich App 270, 279; 649 NW2d 84 (2002) (quotation marks and citation omitted; emphasis added; alterations omitted). "A claim of breach of fiduciary duty . . . accrues when the beneficiary knew or should have known of the breach." *Meyer & Anna Prentis Family Foundation, Inc v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 47; 698 NW2d 900 (2005) (quotation marks and citation omitted). In the discovery-rule context, a "plaintiff is deemed to be aware of a possible cause of action when he becomes aware of an injury and its possible cause." *Id*. at 48. (quotation marks and citation omitted).

With respect to plaintiff's allegations regarding the SIT acquisition, we conclude that the circuit court correctly found that by August 2009, ECD knew or should have known of the corporate injuries and the possible causes of these injuries. In light of the complaint's allegations, defendants and ECD knew or should have known of the ill-advised ECD acquisition of SIT in August 2009, when the acquisition occurred. Therefore, the circuit court properly concluded that the two-year discovery period in MCL 450.1541a(4) expired in August 2011, and the court properly granted defendants' motion for summary disposition regarding this claim because potential bankruptcy tolling did not begin until February 14, 2012.

The circuit court also properly concluded that MCL 450.1541a(4) barred any of plaintiff's claims that ECD hired conflicted financial advisors before February 14, 2010. ECD filed a petition for bankruptcy protection on February 14, 2012, which began bankruptcy tolling. 11 USC 108(a); 11 USC 301(b). The circuit court correctly determined that the two-year discovery period in MCL 450.1541a(4) therefore barred any of ECD's claims against defendants arising before February 14, 2010. In his complaint, plaintiff asserted generally that "in 2009 and 2010, [d]efendants, on behalf of ECD, entered into various engagement agreements with financial advisory firms to serve as []financial advisors with respect to numerous financial issues." He alleged that several of these firms were conflicted because they served as underwriters for ECD's bond issuance and stock offerings, and that defendants breached their fiduciary duties to ECD by "hiring deeply-conflicted financial advisors that engaged in massive and prolonged short attacks that steadily eroded the price of ECD common stock and ultimately caused ECD to plunge into bankruptcy."

Plaintiff attached documentary evidence to his response to defendants' motion for summary disposition, showing that UBS Investment Bank (UBS), an allegedly conflicted financial advisor, provided defendants with financial advice in February 2009, and Credit Suisse provided defendants with financial advice on May 7, 2009. Because defendants clearly hired these allegedly conflicted financial advisors before February 14, 2010, and ECD could be imputed with knowledge of these transactions at the time they occurred, the circuit court correctly concluded that plaintiff's claims regarding the hiring of these two firms were time-barred by MCL 450.1541a(4).

However, to the extent that defendants may have hired conflicted financial advisors after February 14, 2010, claims arising from these actions were not time-barred by MCL 450.1541a(4). In his response to defendants' motion for summary disposition, plaintiff also presented documentary evidence including an April 29, 2011 draft of a memorandum, mentioning that defendants had "retained Lazard[, another potentially conflicted financial advisory firm,] to assist us in evaluating the options regarding our convertible bonds." It is not clear from the record whether defendants hired Lazard as a financial advisor before or after February 14, 2010. Therefore, the trial court erred by granting defendants' motion for summary disposition regarding all of plaintiff's claims concerning the hiring of conflicted financial advisors because genuine issues of material fact existed regarding when defendants hired at least one of those financial advisors.

Finally, plaintiff complains that the circuit court erred by refusing to apply tolling doctrines to plaintiff's claims because it mistakenly characterized the two-year limitations period in MCL 450.1541a(4) as a period of repose. Plaintiff correctly observes that in *Frank v Linkner*, 310 Mich App 169, 186; 871 NW2d 363 (2015), lv gtd 499 Mich 859 (2016),[4] this Court rejected as dicta a reference to MCL 450.1541a(4) as a period of repose in *Baks v Moroun*, 227 Mich App 472, 486; 576 NW2d 413 (1998), overruled in part on other grounds in *Estes*, 250 Mich App 270. The *Frank* Court noted that a "statute of repose prevents a cause of action from ever accruing when the injury is sustained after the designated statutory period has elapsed," while a statute of limitation "prescribes the time limits in which a party may bring an action that has already accrued." *Frank*, 310 Mich App at 179 (quotation marks and citation omitted). Even assuming that the circuit court mischaracterized the two-year limitations period in MCL 450.1541a(4) as a statute of repose, plaintiff has failed to substantiate that any mistake affected the circuit court's decision. Therefore, any error is harmless. MCR 2.613(A).

First, the circuit court correctly refused to toll the two-year limitations period regarding plaintiff's claims on the basis of fraudulent concealment. In MCL 600.5855, our Legislature recognized the potential for tolling of a limitations period under the following circumstances:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be

---

[4] In *Frank*, 499 Mich 859, the Supreme Court granted leave in part to consider "whether MCL 450.4515(1)(e) constitutes a statute of repose, a statute of limitations, or both."

-6-

commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Plaintiff argues that defendants concealed the SIT acquisition and retention of conflicted financial advisors from ECD. However, as discussed above, the circuit court correctly found that plaintiff failed to substantiate that defendants' challenged actions were outside the scope of their authority. Therefore, ECD had knowledge of defendants' actions at the time they occurred.

Further, although the circuit court did not explain its rationale for refusing to apply the common law tolling doctrine of adverse domination, we conclude that the circuit court correctly declined to apply the doctrine. Plaintiff relies on the following passage from *Pontiac Packing Co v Hancock*, 257 Mich 45, 51; 241 NW 268 (1931), to suggest that the doctrine of adverse domination should apply in this case:

> *If the corporation*, for a period of years, sufficient here to toll the statute, *had been under disability in respect of this matter, that is, its business and affairs dominated and controlled by the perpetrators of the fraud*, a different question would be presented. . . . *So long as the corporation itself remains under disability and is powerless to act by virtue of the fact that its control is in the hands of a board of directors accused of participation in the frauds, the statute of limitations does not run against it*. It is like the minority of an infant. His rights are not lost until he, after attaining majority, acquiesces for the prescribed time, and by acquiescence affirms the acts done against his interests. [Quotation marks and citation omitted; emphasis added.]

In *Pontiac Packing*, our Supreme Court did not rely on a Michigan statute containing an adverse-domination tolling provision, but rather relied on a California Supreme Court ruling. *Id.* However, as our Supreme Court more recently explained in *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 390-393; 738 NW2d 664 (2007), courts should not apply common law tolling provisions in the face of a statutory scheme that does not reference potential equitable tolling. The *Trentadue* Court explained that since "the Legislature has exercised its power to establish tolling based on discovery under particular circumstances, but has not provided for a general discovery rule that tolls or delays the time of accrual if a plaintiff fails to discover the elements of a cause of action during the limitations period, no such tolling is allowed." *Id.* at 391. Accordingly, "courts may not employ an extrastatutory discovery rule to toll accrual in avoidance of the plain language" of a statute. *Id.* at 391-392. The circuit court correctly declined to apply the tolling doctrine of adverse domination because MCL 600.5827 defines the accrual date for breach of fiduciary duty claims, the Revised Judicature Act, MCL 600.101 *et seq.*, nowhere recognizes potential adverse-domination tolling, and the plain language of MCL 450.1541a(4) likewise fails to reference potential adverse-domination tolling.

In sum, the circuit court erred in part by granting defendants' motion for summary disposition with regard to all of plaintiff's claims concerning the hiring of conflicted financial advisors because there were genuine issues of material fact regarding when defendants hired at least one of the potentially conflicted firms. To the extent defendants may have hired conflicted

financial advisors after February 14, 2010, claims arising from those actions were not time-barred by MCL 450.1541a(4).

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens