BARLETT v NORTH OTTAWA COMMUNITY HOSPITAL

Docket Nos. 218037, 220178. Submitted October 10, 2000, at Grand Rapids. Decided February 20, 2001, at 9:00 A.M. Leave to appeal sought.

Lee R. Barlett brought an action in the Ottawa Circuit Court against North Ottawa Community Hospital and Burton J. Wolters, M.D., alleging medical malpractice. Along with the complaint, the plaintiff filed a motion seeking an extension of time in which to file the affidavit of merit required by MCL 600.2912d; MSA 27A.2912(4), but did not notice the motion for a hearing. After the plaintiff filed an affidavit of merit, the defendants moved for summary disposition, arguing that the complaint should be dismissed because the affidavit was filed after the period of limitation had expired and the court never granted an extension of time for filing of the affidavit. The plaintiff noticed for hearing the motion seeking an extension of time for filing of the affidavit. The court, Edward R. Post, J., granted the defendants' motion and denied the plaintiff's motion. The plaintiff refiled the action, which was again dismissed on the defendants' motion for summary disposition. The plaintiff filed separate appeals from the orders of summary disposition, and the appeals were consolidated.

The Court of Appeals *held*:

1. Subsection 2912d(2) provides that a trial court may grant a plaintiff an additional twenty-eight days in which to file the affidavit of merit required by subsection 2912d(1) upon motion of the party for good cause shown. The grant of such a motion, not merely its filing, tolls the period of limitation that applies to an action for medical malpractice.

2. The trial court properly dismissed the first complaint because the plaintiff was not granted an extension of time to file the affidavit of merit and because a medical malpractice complaint filed without an affidavit of merit is insufficient to commence the lawsuit.

3. Section 2912d, in requiring a medical malpractice plaintiff to file an affidavit of merit, does not violate the plaintiff's constitutional rights to equal protection and due process. The requirement of an affidavit of merit is rationally related to the legitimate govern-

mental interest of deterring frivolous medical malpractice claims and therefore does not violate equal protection. The affidavit requirement bears a reasonable relation to a permissible legislative objective and therefore does not violate due process.

4. The trial court correctly ruled that the defendants were entitled to summary disposition of the second action under MCR 2.116(C)(6) on the ground that another action had been initiated between the same parties involving the same claim.

Affirmed.

1. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — AFFIDAVITS OF MERIT.

The grant, not merely the filing, of a motion to extend the time for the filing of an affidavit of merit in a medical malpractice action tolls the period of limitation (MCL 600.2912d; MSA 27A.2912[4]).

2. ACTIONS — MEDICAL MALPRACTICE — AFFIDAVITS OF MERIT — EQUAL PROTECTION — DUE PROCESS.

The statute that requires a medical malpractice plaintiff to file an affidavit of merit with the complaint is rationally related to the legitimate governmental interest of deterring frivolous medical malpractice claims and therefore does not violate the plaintiff's right to equal protection; the statute also bears a reasonable relation to a permissible legislative objective and therefore does not violate the plaintiff's right to due process (MCL 600.2912d; MSA 27A.2912[4]).

*Bregman & Welch* (by *Judy E. Bregman*) and *Dilley & Rominger* (by *Charles S. Rominger*), for Lee R. Barlett.

*Smith Haughey Rice & Roegge* (by *Jon D. Vander Ploeg*), for North Ottawa Community Hospital.

*Rhoades, McKee, Boer, Goodrich & Titta* (by *Mark E. Fatum* and *Douglas P. Vanden Berge*), for Burton J. Wolters, M.D.

Before: FITZGERALD, P.J., and HOOD and MCDONALD, JJ.

PER CURIAM. In Docket No. 218037, plaintiff appeals as of right the order granting summary disposition pursuant to MCR 2.116(C)(7) in favor of defendants in this medical malpractice action. In Docket No.

220178, plaintiff appeals as of right the order granting summary disposition pursuant to MCR 2.116(C)(6) in favor of defendants. We affirm.

On July 27, 1998, plaintiff filed a medical malpractice action against North Ottawa Community Hospital and Burton J. Wolters, M.D. His complaint stemmed from medical care received at defendant hospital.

On July 29, 1996, plaintiff was taken by ambulance to defendant hospital following an injury. X-rays were taken of plaintiff's cervical spine, chest, and pelvis. Defendant Wolters "read" and "interpreted" the x-rays as "negative." Because the x-rays were interpreted as negative, plaintiff's cervical restraints were removed, although plaintiff was admitted to defendant hospital for overnight evaluation. During his stay, plaintiff continued to complain of severe neck and shoulder pain. However, no further x-rays were taken, nor were additional diagnostic methods employed. Plaintiff was released from defendant hospital on July 30, 1996.

Plaintiff was again taken by ambulance to defendant hospital on August 2, 1996, because of severe pain. X-rays were taken and evaluated as negative, and plaintiff was released the same day. During the next two weeks, plaintiff "became paralyzed from the neck down," and was "unable to hold his head erect." On August 16, 1996, plaintiff suffered gastrointestinal bleeding and was again admitted to defendant hospital. During this visit, plaintiff was examined by an orthopedic surgeon who ordered an MRI of his cervical spine. The MRI "revealed a spondylolisthesis C6 over C7 with compression of the spinal cord," as well as "a probable fracture of the neural arch with an apparent fracture of the dorsum of C6." Plaintiff was eventually referred to Detroit Receiving Hospital,

where a "surgeon discovered a C6-7 fracture disloca-
tion with a C6-7 traumatic herniated disc and a lami-
nar fracture of C6 . . . and the spinal cord had been
compressed leading to progressive quadriparesis." In
other words, plaintiff had a broken neck. After repair
of the fracture, plaintiff underwent extensive physical
therapy.

Plaintiff alleged that defendants committed medical
malpractice by either failing to properly employ
skilled professionals or, in the case of defendant
Wolters, failing to exercise the skill of a competent
professional. Plaintiff also alleged that he was negli-
gently diagnosed and treated and that defendants'
negligence was the proximate cause of his injuries
and damages.

Attached to plaintiff's complaint was a "motion to
extend time to file affidavit." Plaintiff moved for an
extension of time for filing the affidavit of merit pur-
suant to MCL 600.2912d; MSA 27A.2912(4),
contending:

> 1. The plaintiff has retained an expert in the State of New
> York.
> 2. Anticipating the filing of this complaint, Plaintiff's
> counsel requested the expert forward his Affidavit, by over-
> night mail, to Plaintiff's counsel.
> 3. While the expert has confirmed the Affidavit was
> signed and returned, Plaintiff's counsel has not yet received
> it.

On August 11, 1998, plaintiff filed an affidavit of merit
of Robert George Peyster, M.D., a board-certified
neuroradiologist in New York.

On November 8, 1998, defendant hospital moved
for summary disposition, arguing that plaintiff's com-
plaint should be dismissed because the trial court

never granted plaintiff's motion for an extension of time and, therefore, the affidavit of merit was filed after the expiration of the two-year period of limitation. Defendant hospital also argued that plaintiff's motion did not demonstrate the "good cause" necessary to support the granting of the motion. Defendant Wolters moved for summary disposition, alleging the same grounds. On November 30, 1998, plaintiff noticed his motion to extend time to file affidavit.

At a hearing on the parties' motions, defendants argued that *Scarsella v Pollak*, 232 Mich App 61; 591 NW2d 257 (1998), compelled the court to grant defendants' motion. Plaintiff, on the other hand, attempted to establish good cause for an extension of time to file the affidavit regardless of whether the court ruled on the motion within the relevant period. Plaintiff's counsel asserted that plaintiff did not seek representation until one year before the period of limitation expired and that

> Mr. Barlett is indigent . . . [and] he is basically without any kind of resources to go out and hire the kind of experts that one needs these days to put together a medical malpractice claim. So what we did instead was we consulted various members of the medical community, professionals who are not in the business of being expert witnesses but are willing to advise plaintiffs' attorneys from time to time as to whether or not they have a case.
>
> But none of these members of the medical community that we were working with were willing to be expert witnesses or put their names on an affidavit or to become actively involved in a case against another physician.

Plaintiff stated that he awaited defendants' response to the notice of intent before proceeding to spend money to retain an expert. Once it became apparent

that defendants were going to contest liability, plaintiff's counsel sought to obtain an affidavit of merit from Dr. Peyster. Plaintiff contended that Dr. Peyster was willing to sign an affidavit of merit, but there was an unexplained delay on his end. Nevertheless, plaintiff moved for an extension of time contemporaneously with the filing of the complaint. Plaintiff argued that these facts demonstrate good cause for the extension of time, regardless of when that determination gets made. Finally, plaintiff argued that, if the statute warranted dismissal, the statute is unconstitutional as it pertains to this case.

Without explanation, the trial court found that the statute is constitutional. The court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) and (8), finding that the two-year period of limitation expired on July 28, 1998, and that plaintiff's affidavit of merit was not filed until August 11, 1998. The court noted that plaintiff's motion to extend time was not noticed for hearing, and ruled that the period of limitation "ran before plaintiff was able to secure a decision" on the motion. The court also denied plaintiff's original motion to extend the time for filing an affidavit of merit.

DOCKET NO. 218037

I

Plaintiff argues that the trial court erred in summarily dismissing his claim because he complied with the statutory requirement of filing a motion to extend the time for filing an affidavit of merit contemporaneously with the complaint, thereby tolling the period of limitation.

In a medical malpractice action, an affidavit of merit "shall" be filed with the complaint. MCL 600.2912d; MSA 27A.2912(4). A plaintiff who files a complaint without the affidavit of merit is subject to dismissal without prejudice and may refile properly at a later date. *Scarsella v Pollak*, 461 Mich 547, 551-552; 607 NW2d 711 (2000). However, the plaintiff must still comply with the period of limitation. *Id.* at 552. When a plaintiff cannot provide the required affidavit with the complaint, the plaintiff may seek relief as provided in MCL 600.2912d(2); MSA 27A.2912(4)(2). *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 229; 561 NW2d 843 (1997); *Holmes v Michigan Capital Medical Center*, 242 Mich App 703, 708; 620 NW2d 319 (2000). MCL 600.2912d(2); MSA 27A.2912(4)(2) provides:

> Upon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is represented by an attorney, the plaintiff's attorney an additional 28 days in which to file the affidavit required under subsection (1).

The first question presented is whether the mere filing of a motion to extend the time for filing is sufficient to toll the period of limitation. Statutory interpretation presents a question of law that we review de novo. *Omelenchuk v City of Warren*, 461 Mich 567, 571, n 10; 609 NW2d 177 (2000).

The plain language of subsection 2912d(2) indicates that the granting of an additional twenty-eight-day period in which to file an affidavit of merit is not automatic. Rather, the trial court, by virtue of the permissive ("may") and conditional language ("good cause") has discretion to either grant or deny a plain-

tiff's motion. Plaintiff's reliance on *Solowy, supra,*[1] in support of the argument that the mere filing of a motion to extend time sufficiently tolls the period of limitation is misplaced. In *Solowy*, the Court stated:

> We realize that a case may arise where, perhaps because of a delay in diagnosis, a plaintiff will not be able to secure an affidavit of merit before the six-month period expires. In such a case, the plaintiff's attorney should seek the relief available in MCL 600.2912d(2); MSA 27A.2912(4)(2), which allows, upon a showing of good cause, an additional twenty-eight days to obtain the required affidavit of merit. During this period, the statute will be tolled and summary disposition motions on the ground of failure to state a claim should not be granted. [*Solowy, supra* at 228-229.]

This discussion suggests that the appropriate course of action for an attorney faced with a likely delay is to seek the additional twenty-eight days by showing good cause for a delay, and not to merely forgo the filing of the affidavit of merit. Indeed, that is what plaintiff did in the present case. However, we are not persuaded that *Solowy* can be interpreted as holding that the mere *filing* of the motion to extend time tolls the period of limitation. Instead, subsection 2912d(2) and *Solowy* indicate that the *granting* of a motion for additional time tolls the period of limitation.

II

Plaintiff argues in the alternative that the period of limitation is tolled until the court renders a decision on the motion. We disagree.

---

[1] *Solowy* involved a six-month period of limitation for unique claims of medical malpractice that are not discovered until after the original period of limitation expires. MCL 600.5838; MSA 27A.5838.

In *Forest v Parmalee (On Rehearing)*, 60 Mich App 401; 231 NW2d 378 (1975), the plaintiff sought to amend the complaint to add a defendant. However, the plaintiff failed to notice the motion for hearing at the time it was filed. This Court stated:

> Generally, a motion must be called to the trial court's attention, and must follow the applicable statutes or the court rules regarding its form and content. 60 CJS Motions and Orders, § 10, p 17. From an examination of the record, it is clear that plaintiff's motion was not called to the trial court's attention until October 10, 1972, more than two months after the expiration of the two-year statute of limitations. *Hosner v Brown*, 40 Mich App 515, 537-538; 199 NW2d 295 (1972), *lv den*, 388 Mich 758 (1972), involved, *inter alia*, a situation in which plaintiff filed a motion to add a party defendant some nine months prior to trial. However, plaintiff failed to notice the motion for hearing until the day of trial. *Hosner* said that the motion for addition of party defendant on the day of trial was properly denied where plaintiff, although filing the motion well before trial, failed to notice it for hearing. [*Id.* at 405.]

Here, plaintiff filed a motion for extension of time to file the affidavit of merit, but did not notice the motion for hearing. Plaintiff's motion was not called to the trial court's attention until November 30, 1998, more than four months after the expiration of the period of limitation. Further, the affidavit of merit was filed after the expiration of the period of limitation and without an order by the trial court granting the motion to extend the time to file the affidavit. Because plaintiff was not granted an extension of time to file the affidavit of merit, and because a medical malpractice complaint filed without an affidavit of merit is insufficient to commence the lawsuit, the

trial court properly dismissed the complaint with prejudice.[2]

### III

Plaintiff contends that the affidavit of merit requirement is unconstitutional as violative of due process and equal protection guarantees. The constitutionality of § 2912d has never been addressed by this Court. However, in *Neal v Oakwood Hosp Corp*, 226 Mich App 701; 575 NW2d 68 (1998), this Court considered the constitutionality of MCL 600.2912b(1); MSA 27A.2912(2)(1) in addressing the plaintiff's argument that the 182-day waiting period between the filing of the notice of intent and commencement of a lawsuit violated the plaintiff's rights to equal protection by treating plaintiffs in medical malpractice cases differently than other tort plaintiffs. This Court applied a rational basis test to analyze whether § 2912b violated the Equal Protection Clause because the alleged violation did not involve a fundamental interest or the rights of a protected class. *Neal, supra* at 717. This Court opined that the waiting period "does not bar medical malpractice plaintiffs from access to the court system, but merely provides a brief temporal restriction before suit may be commenced." *Id.* at 718.

Plaintiff concedes that the test in the instant matter is whether § 2912d bears a rational relationship to a

---

[2] Although the trial court concluded that the affidavit of merit was not timely filed and that plaintiff's complaint was therefore not filed within the period of limitation, the court nonetheless denied plaintiff's motion for additional time to file the affidavit of merit, thereby implicitly concluding that plaintiff failed to demonstrate "good cause" for the delay.

legitimate government interest. This Court explained the rational basis test as follows:

> Under the rational basis test, legislation is presumed to be constitutional and the party challenging the statute has the burden of proving that the legislation is arbitrary and thus irrational. A statute does not violate equal protection under the rational basis test if it furthers a legitimate governmental interest and the challenged classification is rationally related to achieving that interest. A rational basis exists when the legislation is supported by any state of facts either known or that could reasonably be assumed. [*Neal, supra* at 719.]

This Court has suggested that the legislative purpose of § 2912d was to deter frivolous lawsuits. *VandenBerg v VandenBerg*, 231 Mich App 497, 502; 586 NW2d 570 (1998). Deterring the filing of frivolous lawsuits against any party or group is a legitimate governmental interest. Moreover, a plaintiff intending to prevail on a medical malpractice claim will eventually be required to provide evidence that a facility or professional deviated from professional norms. Thus, requiring an affidavit of merit is rationally related to achieving the result of reduced frivolous medical malpractice claims. Accordingly, we are not persuaded that § 2912d violates a medical malpractice plaintiff's equal protection rights.

Plaintiff also argues that § 2912d violates due process by imposing an unreasonable and arbitrary limit on a plaintiff's right to pursue a vested cause of action. A statute does not violate due process where it "bears a reasonable relation to a permissible legislative objective." *Neal, supra* at 720. In *Neal*, this Court ruled that § 2912b did not prevent access to the courts and did not "abrogate or vitiate any vested

property rights plaintiff has in his cause of action or effectively divest plaintiff of access to the courts." *Neal, supra* at 721.

Similarly, § 2912d does not prohibit a plaintiff from filing a lawsuit alleging medical malpractice. Instead, § 2912d requires that a plaintiff file an affidavit of merit from a health care professional indicating that there is merit to the plaintiff's claims. As noted above, the plaintiff must eventually provide evidence of malpractice if the plaintiff intends to prevail in the action. Therefore, § 2912d bears a reasonable relation to a permissible legislative objective and is not an unconstitutional violation of due process.

### DOCKET NO. 220178

Plaintiff contends that the trial court erred in granting summary disposition of his second complaint pursuant to MCR 2.116(C)(6). MCR 2.116(C)(6) provides that summary disposition may be granted on the ground that "[a]nother action has been initiated between the same parties involving the same claim." Here, plaintiff's second complaint was identical to the first complaint. The trial court accurately noted that its earlier ruling granted summary disposition of plaintiff's entire complaint. Thus, the proper method of seeking redress was for plaintiff to appeal to this Court, not to refile the same complaint. Accordingly, the trial court correctly concluded that defendants were entitled to summary disposition as a matter of law.

Affirmed.