*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TONYA COOPER,

        Plaintiff-Appellant,

v

TRINITY HEALTH-MICHIGAN, doing business as ST. JOSEPH MERCY OAKLAND HOSPITAL,

        Defendant,

and

ROMAN FRANKLIN, M.D., PC, and ROMAN FRANKLIN, M.D.,

        Defendants-Appellees.

UNPUBLISHED
February 12, 2019

No. 337702
Oakland Circuit Court
LC No. 2015-150774-NH

Before: CAMERON, P.J., and RONAYNE KRAUSE and TUKEL, JJ.

TUKEL, J. (*concurring*).

        I join the majority opinion, but I write separately to emphasize a procedural issue which this case illustrates, and which might warrant consideration by the Legislature, or by amendments to the Michigan Court Rules. The issue here is whether there is a basis for concluding that defendant Dr. Roman Franklin's prescribing of Arixtra was both a breach of the applicable duty of care and also the cause of plaintiff's injuries. The sole affidavit relied on by plaintiff in opposing the motion was a copy of Dr. Leon C. Landau's affidavit of merit, which had been filed at the inception of the lawsuit.[1] Considered in the light most favorable to plaintiff,

---

[1] Plaintiff simply submitted with his response to defendants' motion for summary disposition a copy of the same affidavit he previously submitted with his complaint, as demonstrated by the

that affidavit compels finding for plaintiff as to both of those questions because it asserts that Dr. Franklin misdiagnosed plaintiff's condition and improperly prescribed medication to her, in violation of the standard of care, which ultimately caused nerve compression and nerve injury. Those are material questions of fact, and thus properly preclude summary disposition in favor of defendant because, if credited by a fact-finder, they establish the necessary elements: the standard of care, breach of the standard, causation, and damages. However, there is a potential policy question, which it is not our place to consider, of whether a plaintiff ought to be permitted to rely *solely* on an affidavit of merit to raise a material question of fact sufficient to preclude summary disposition.

MCR 2.116(G)(5) provides, in cases such as this where the motion for summary disposition is based on MCR 2.116(C)(10), that "the affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties, must be considered by the court[.]" Dr. Landau's affidavit was on file at the time of the filing of the motion for summary disposition, as it had been required to be filed with the complaint, see MCL 600.2912d(1). However, the affidavit of merit generally serves a different purpose than does an affidavit in opposition to a motion for summary disposition.

"[T]his Court has recognized that the Legislature's purpose in enacting § 2912d was to deter frivolous lawsuits and that 'requiring an affidavit of merit is rationally related to achieving the result of reduced frivolous medical-malpractice claims' because a medical malpractice plaintiff 'will eventually be required to provide evidence that a facility or professional deviated from professional norms.' " *King v Reed*, 278 Mich App 504, 515-516; 751 NW2d 525 (2008), quoting *Barlett v North Ottawa Community Hosp*, 244 Mich App 685, 695; 625 NW2d 470 (2001). "In essence, the statute provides a gate-keeping role of ensuring against frivolous medical malpractice claims by requiring plaintiffs to file an affidavit of merit at the time the action is commenced. Once an action has been commenced and an affidavit of merit in compliance with the statute has been filed with the complaint, the purpose of the statute has been fulfilled." *King*, 278 Mich App at 516. The gate-keeping role of an affidavit of merit, filed at the inception of a case and having thus fulfilled *all* its purposes, *id.*, arguably ought to limit its utility in later proceedings.

> [T]he notice of intent is provided at the earliest stage of a medical malpractice proceeding. Indeed, the notice must be provided before the action can even be commenced. At the notice stage, discovery as contemplated in our court rules, MCR 2.300 *et seq.*, has not been commenced, and it is likely that the claimant has not yet been provided access to the records of the professional or facility named in the notice. [*Roberts v Mecosta Co Hosp*, 470 Mich 679, 691; 684 NW2d 711 (2004), citing MCL 600.2912b(5).]

A motion for summary disposition, by contrast, "requires the adverse party to set forth specific facts at the time of the motion showing a genuine issue for trial." *Maiden v Rozwood*,

---

fact that it is word-for-word identical, was signed the same date as the original, and is styled "Affidavit of Merit."

461 Mich 109, 121; 597 NW2d 817 (1999).  This requirement goes well beyond showing that a claim is not frivolous.  It is a requirement to show, once discovery has been completed and all facts are known, that there is sufficient evidence from which a plaintiff *could* prevail at trial.  See *id*.

MCR 2.116(G)(5) was adopted in 1985, along with the rest of the Michigan Court Rules.  Thus, while it made reference to "the affidavits . . . then filed in the action" at the time a motion for summary disposition is filed, it could not have been within the contemplation of the drafters of the rule that such affidavits would have included an affidavit of merit.  That is because the affidavit of merit requirement did not become law until 1994.  See 1993 PA 78, § 1.  "When called on to construe a court rule, this Court applies the legal principles that govern the construction and application of statutes.  Accordingly, we begin with the plain language of the court rule.  When that language is unambiguous, we must enforce the meaning expressed, without further judicial construction or interpretation." *Marketos v American Employers Ins Co*, 465 Mich 407, 413; 633 NW2d 371 (2001).  It is unambiguously the case that Dr. Landau's affidavit was on file at the time the motion for summary disposition was filed, and thus MCR 2.116(G)(5) requires that we consider it.

Despite the fact that the current rule requires that we consider Dr. Landau's affidavit of merit in opposition to the motion for summary disposition, one could conclude, as a matter of policy, that it makes sense to impose a stricter requirement for purposes of summary disposition and require a "fresh" affidavit which takes into consideration facts learned through discovery.  Indeed, because the affidavit of merit is filed prior to discovery having been conducted, it would not be unreasonable, as a matter of policy, to require an expert at the summary disposition phase to reconsider the opinions expressed in the affidavit of merit, to see if they continue to hold up in light of the discovery which by that point has been conducted—instead of merely reasserting conclusions previously expressed based on incomplete information.  In fact, by its statement in *King*, 278 Mich App 515-516, that notwithstanding the filing of an affidavit of merit, a "plaintiff 'will eventually be required to provide evidence that a facility or professional deviated from professional norms,' " this Court seems to have assumed that a plaintiff will eventually be required to provide more than a mere regurgitation of the affidavit of merit.  Here, Dr. Landau's resubmitted affidavit of merit even acknowledged that "[t]his opinion is based upon a review of the information to date and may or may not change upon review of additional materials."

Therefore, it would seem that the summary disposition phase, when a trial court is called upon to determine whether there is sufficient evidence to go forward to trial, is a logical point at which it would be appropriate for an expert who has provided an affidavit of merit to reveal whether or not his opinion has changed based "upon review of additional materials."  A change in policy along the lines discussed could be effectuated either through legislation or through amendment of MCR 2.116(G)(5).  At present, however, given the language of that rule, we are bound to apply it as written.  Consequently, Dr. Landau's affidavit precludes summary disposition in favor of defendant.

/s/ Jonathan Tukel