*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LANSING PARKVIEW, LLC,

        Plaintiff/Counterdefendant/Third-
Party Defendant-Appellee,

v

K2M GROUP, LLC, and DON L. KESKEY,

        Defendants/Counterplaintiffs/Third-
Party Plaintiffs-Appellants,

and

ROBERT REID and JOEL I. FERGUSON,

        Third-Party Defendants.

UNPUBLISHED
September 10, 2019

No. 344192
Ingham Circuit Court
LC No. 13-000723-CK

Before: MURRAY, C.J., and METER and FORT HOOD, JJ.

PER CURIAM.

In the third appeal in this case, defendants K2M Group, LLC, and Don L. Keskey, appeal by right the trial court's May 22, 2018, orders entering the trial court's judgment in favor of plaintiff, Lansing Parkview, LLC, and denying defendants' motions for summary disposition and to modify the judgment. We affirm.

## I. BACKGROUND

In June 2006, plaintiff and defendants entered into a lease at a monthly rate of $8,600, with defendants to pay all operating expenses, taxes, and utilities. *Lansing Parkview, LLC v K2M Group, LLC (Lansing Parkview I)*, unpublished per curiam opinion of the Court of Appeals, issued March 23, 2017 (Docket No. 328507), p 2, lv den 501 Mich 981 (2018), recon den 501 Mich 1084 (2018). The parties also entered into an option for defendants to purchase the property during the lease term for $1,250,000, in exchange for a nonrefundable payment of $250,000. *Id.* As of March 2010, defendants owed roughly $108,000 to plaintiff under the lease.

-1-

*Id*. The parties, however, entered into a new lease for $4,000 per month, with an option to purchase the property for roughly $863,000. *Id.*

The parties also executed a promissory note for the delinquent payments on August 6, 2010, which provided that defendants agreed to pay plaintiff $134,082 with interest and with the balance and unpaid interest to be paid on November 1, 2011. After the new lease expired on October 31, 2011, plaintiff offered to extend the lease but not the option to purchase. *Id*. at 3. Defendants did not execute a new lease, became month-to-month tenants, and eventually surrendered possession of the property in September 2012. *Id.*

In January 2013, plaintiff sent defendants a default notice under the promissory note. *Id.* The amount owed was $130,990.26 under the promissory note, $12,000 in rent, and $12,441.43 in interest. *Id*. at 3 n 4. In July 2013, plaintiff sued defendants for breach of contract. *Id*. at 3. The trial court ultimately granted summary disposition to plaintiff and entered a judgment against defendants for $173,496.60, plus fees and costs. *Id*. at 4. On May 26, 2017, defendants secured the judgment with a bond of $216,870. Defendants raised a number of issues in their first appeal and this Court ultimately affirmed the trial court. *Id*. at 4-10.

In the second appeal in this case, defendants and defendants' attorney, Brian W. Coyer, subsequently appealed the trial court's order awarding plaintiff attorney fees and costs of $262,772.33. *Lansing Parkview, LLC v K2M Group, LLC (Lansing Parkview II)*, unpublished per curiam opinion of the Court of Appeals, issued October 23, 2018 (Docket Nos. 338284 and 339030), p 1. The trial court had awarded plaintiff the attorney fees after "extensive hearings" and imposed sanctions on Coyer for bringing a motion to stay enforcement without having posted a bond. *Id*. at 5. We affirmed the trial court. *Id*. at 1, 15.

Following our denial of defendants' first appeal, this case returned to the trial court for execution of the judgment. Then, in April 2018, defendants sought partial summary disposition under MCR 2.116(C)(4) and relief from the judgment on the basis that plaintiff's claim for unpaid rent was within the exclusive jurisdiction of the district court. Defendants also sought modification of the bond arguing that the bond was excessive because it included rents over which the trial court had no jurisdiction and that the judgment improperly included erroneously calculated compound prejudgment interest. Plaintiffs subsequently sought distribution of $192,260.24 of the bond proceeds, as well as sanctions against defendants for failing to satisfy the judgment upon our Supreme Court's denial of leave. Defendants disagreed, arguing that the bond distribution should be reduced by the claim of unpaid rent, over which the trial court lacked subject-matter jurisdiction. Additionally, defendants argued that no proceeds from the bond should be distributed until 21 days after the period for rehearing elapsed.

The trial court received affidavits regarding computation of the interest on the judgment and held a hearing on the competing motions. At the hearing, defendants attempted to respond to something that "was delivered to us by mail on the 18th of May, which was last Friday," and indicated that they had prepared a supplement in response. The trial court declined to entertain the supplemental response.

After the parties' arguments, plaintiff offered to present an order to the court, distributing the bond. Defendants then moved to present testimony from Keskey, which the trial court

denied. The trial court warned defendants that it would enter sanctions on any additional filings that wasted the plaintiff's and court's time. Defendants subsequently moved to stay execution of the judgment, which the trial court denied.

On May 22, 2018, the trial court directed the Ingham County Clerk to immediately distribute $193,049.19 to plaintiff from Keskey's $216,870 bond, with the remainder distributed to Keskey. The trial court also ordered that sanctions of $1,000 would be entered against defendants and Coyer under MCR 2.114, MCR 2.625 and MCL 600.2591, which were to be held but entered upon additional filings that wasted the plaintiff's and the trial court's time. The trial court denied defendants' motion to modify the judgment and ordered sanctions of $2,000 for the same reason, also to be held but entered upon a frivolous filing. This third appeal followed the trial court's denial of defendants' motion for stay of its May 22, 2018 orders.

## II. ANALYSIS

### A. CIRCUIT COURT JURISDICTION

Defendants first argue that the circuit court did not have jurisdiction over plaintiff's claim for unpaid rent because that claim was only for $12,000, which is less than the circuit court's amount-in-controversy requirement of $25,000. Defendants' position lacks merit because a single plaintiff may aggregate multiple claims to exceed an amount-in-controversy requirement.

"The district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00." MCL 600.8301(1). The amount in controversy is determined from the prayer for relief in the plaintiff's pleadings. *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, 223-224; 884 NW2d 238 (2016). The separate claims of individual plaintiffs may not be aggregated for the purposes of determining jurisdiction. *Boyd v Nelson Credit Ctrs, Inc*, 132 Mich App 774, 780-781; 348 NW2d 25 (1984). However, the various claims of a single plaintiff may be aggregated. *Id*. at 781. This includes when a single plaintiff has been assigned multiple claims, only one of which exceeds jurisdictional requirements. *Crippen v Fletcher*, 56 Mich 386, 388-389; 23 NW 56 (1885).[1]

In this case, plaintiff sought a judgment of $130,990.26 in unpaid principal from the promissory note and $12,000 in unpaid rent under the lease. Together, these claims totaled $142,990.26, which was well over the $25,0000 threshold. Accordingly, the circuit court had jurisdiction over the claims.

Relatedly, defendants argue that plaintiff was not permitted to aggregate its claims because a party may not plead an amount in controversy in bad faith. Plaintiff, however, based its prayer for relief in part on a very specific unpaid principal balance under a promissory note,

---

[1] This rule is consistent with federal law permitting aggregation for the purposes of jurisdictional requirements "in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant." *Snyder v Harris*, 394 US 332, 335; 89 S Ct 1053; 22 L Ed 2d 319 (1969).

and unpaid rents of $4,000 a month for the months from July to September 2012. Defendants have not shown that plaintiff fabricated this amount to defeat jurisdiction in the district court. See *Hodge*, 449 Mich at 229-231 (MARKMAN, J., concurring) (recognizing that a plaintiff pleads an amount in bad faith by artificially inflating the amount to obtain jurisdiction, resulting in the improper assumption of jurisdiction). Defendants' argument to the contrary is without merit.

## B. MOTION TO MODIFY JUDGMENT

Defendants argue that the trial court should have modified the judgment to provide for 6% simple interest rather than 6% compound interest. Defendants, however, did not timely move for relief from judgment, and therefore were not entitled to a modification.

MCR 2.612(C)(1) provides that a court may relieve a party from a final judgment on one of several grounds, including:

(a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

A party must make a motion for relief for judgment "within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment." MCR 2.612(C)(2).

Defendants' argument that the trial court improperly determined the interest rate is essentially an argument under subsection (C)(1)(a). The judgment was entered in July 2015. Defendants did not seek to modify the judgment until April 4, 2018, well after the one-year period provided by MCR 2.612(C)(2). Accordingly, the trial court did not err by declining to address the motion and defendants are not entitled to any recalculation of the interest.[2]

---

[2] Defendants also moved to modify the judgment on the basis of their argument that the circuit court lacked subject-matter jurisdiction over the $12,0000 unpaid rent claim. Defendants are correct that this motion was not barred by the one-year period set forth in MCR 2.612(2);

-4-

## C. AUTOMATIC STAY

Defendants argue that the trial court erred by denying their oral motion for stay because they were entitled to an automatic 21-day stay. We disagree.

"The purpose of the automatic stay is to preserve the status quo during the period an aggrieved party has to file posttrial motions or an appeal." *In re Contempt of Calcutt*, 184 Mich App 749, 755; 458 NW2d 919 (1990). In this case, final judgment was entered on June 9, 2015. Defendants appealed the judgment, and this Court granted a stay on the condition that defendants posted a bond of $216,870, which they did. *Lansing Parkview LLC v K2M Group LLC*, unpublished order of the Court of Appeals, entered November 18, 2015 (Docket No. 328507). Under MCR 7.209, defendants' bond stayed execution of the judgment during proceedings before this Court and our Supreme Court, until jurisdiction was again vested with the trial court. See MCR 7.305(I) (stating that, when a stay bond has been filed in the Court of Appeals, "it operates to stay proceedings pending disposition of the appeal in the Supreme Court unless otherwise ordered by the Supreme Court or the Court of Appeals"). This Court decided defendants' appeal on March 23, 2017, *Lansing Parkview I*, unpub op at 1, and the Michigan Supreme Court subsequently denied defendants' application for leave to appeal, *Lansing Parkview, LLC v K2M Group, LLC*, 501 Mich 981, 981; 907 NW2d 562 (2018), and their application for reconsideration, *Lansing Parkview, LLC v K2M Group, LLC*, 501 Mich 1084, 1084; 911 NW2d 711 (2019).[3] At the point that our Supreme Court denied reconsideration of defendants' case, defendants' appeal was decided, and execution of the judgment was no longer stayed under these court rules. Nothing in the court rules entitled defendants to an additional 21-day stay of execution on the judgment following disposition of defendants' case on appeal.

Defendants argue that the proper time period for counting their stay was 21 days after the trial court's May 22, 2018 decision on defendants' motion for relief from judgment. MCR 2.614(A)(1) provides that, subject to exceptions, "execution may not issue on a judgment and proceedings may not be taken for its enforcement until 21 days after a final judgment . . . is entered in the case." A final judgment or order includes the first judgment that disposes of all the claims and adjudicates the rights and liability of all parties in the case, MCR 7.202(6)(a)(*i*), and a postjudgment order awarding or denying attorney fees and costs, MCR 7.202(6)(a)(*iv*). MCR 2.610(C)(2), which concerns motions for relief from judgment, provides, "Except as provided in MCR 2.614(A)(1), a motion under this subrule does not affect the finality of a judgment or suspend its operation." MCR 2.614(A)(1) concerns an automatic stay precluding execution of the judgment until 21 days after a final judgment is entered. Therefore, defendants' filing of a motion for relief from judgment did not suspend operation of the judgment unless defendants were entitled to a 21-day stay under MCR 2.614(A)(1). Because the 21-day period under that court rule had already passed at the time defendants moved for a stay, defendants'

---

however, as we have already discussed, the trial court did have subject-matter jurisdiction over the rent claim.

[3] Defendants' second appeal does not relate to the judgment at issue, and therefore has no effect on our analysis of this issue.

later motion for relief from judgment did not suspend the judgment's operation. Therefore, defendants were not entitled to a further 21-day stay following the trial court's May 22, 2018, decision on their motion for relief from the June 9, 2015, judgment.

## D. PLEADINGS AND EVIDENCE

Defendants argue that the trial court's failures to consider a pleading and to hear evidence at the motion hearing deprived them of their rights to due process. The Michigan and United States Constitutions provide that no person shall be deprived of property without due process of law. US Const, Am XIV; Const 1963, art 1, § 17. The essential purpose of due process is to ensure fundamental fairness. *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). Due process requires that a party receive notice of the proceedings against it and a meaningful opportunity to be heard. *Id*.

First, defendants argue that the trial court erred by failing to consider their proposed responsive pleading at the motion hearing. We disagree. Any response to a motion, including briefs or affidavits, must be served at least 5 days before the hearing if served by mail and at least 3 days before the hearing "if served by delivery under MCR 2.107(C)(1) or (2) or MCR 1.109(G)(6)(a)." MCR 2.119(C)(2). On its own initiative, the trial court may strike a pleading that does not comply with the court rules. MCR 2.115(B). The court rules required defendants to serve the pleading at least 3 days before the hearing, and so the trial court was permitted to strike defendants' pleading on the basis that it did not comply with the court rules. Adherence to our court rules adequately protects the parties' due-process rights to notice; therefore, the trial court's decision to strike pleadings that did not conform to our court rules did not violate defendants' due-process rights. See *Lawrence M Clarke, Inc v Richco Constr, Inc*, 489 Mich 265, 274; 803 NW2d 151 (2011).

Second, defendants argued that the trial court violated defendants' due-process rights by failing to allow Keskey to present evidence at the motion hearing. Again, we disagree. "The opportunity to be heard does not mean a full trial-like proceeding, but it does require a hearing to allow a party the chance to know and respond to the evidence." *Cummings v Wayne Co*, 210 Mich App 249, 253; 533 NW2d 13 (1995). During a hearing on a contested motion, a trial court may in part "direct that the motion be heard wholly or partly on oral testimony or deposition." MCR 2.119(E)(2). The trial court, however, "may, in its discretion, dispense with or limit oral arguments on motions, and may require the parties to file briefs in support of and in opposition to a motion." MCR 2.119(E)(3). The trial court need not hold an evidentiary hearing when it can sufficiently decide an issue on the basis of the evidence already before it. *Vittiglio v Vittiglio*, 297 Mich App 391, 406; 824 NW2d 591 (2012).

Here, the parties, including Keskey, each submitted affidavits regarding their beliefs about the correct amount of the judgment. These affidavits put the relevant evidence before the trial court and there is no indication that the trial court needed to receive testimony before it could make its decision. The trial court's decision not to receive Keskey's evidence at the motion hearing did not deny defendants their due-process rights.

## E.  FRIVOLITY WARNING

Defendants next challenge the trial court's order indicating that it would sanction them for filing any motion that that wasted the plaintiff's and court's time.  As an initial matter, we must note that the trial court did not actually follow through with sanctions in this case.  Nevertheless, defendants argue that the order chilled their exercise of their hearing rights and violated their right to due process.  We disagree.

When an attorney signs a document, the attorney certifies that (1) he or she has read the document, (2) it is well-grounded in fact and "warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law," and (3) the purpose of the document is not improper.  MCR 2.114(D).  The trial court may impose sanctions under MCR 2.114 for an action that is frivolous.  MCR 2.114(F)[4]; MCR 2.625(A)(2).  A party's action is frivolous when (1) the party initiated the suit for purposes of harassment, (2) "the party's legal position was devoid of arguable legal merit," or (3) "the party had no reasonable basis to believe that the facts underlying that party's legal position were true."  MCL 600.2591(3)(a).

As already noted, the trial court did not follow through with sanctions but in essence warned defendants that frivolous motions would be met with sanctions.  "Deterring the filing of frivolous lawsuits against any party or group is a legitimate governmental interest."  *Bartlett v North Ottawa Community Hosp*, 244 Mich App 685, 695; 625 NW2d 470 (2001).  The trial court may warn a party that sanctions will be imposed if a party continues pursuing a frivolous argument.  See *BJ's & Sons Const Co, Inc v Van Sickle*, 266 Mich App 400, 407; 700 NW2d 432 (2005) (opinion by SAAD, J.) (stating that "the trial court properly advised and warned plaintiffs and their counsel that they risk serious sanctions if, as it turned out, this claim had no merit whatsoever").  While it is conceivable that such a warning could deter a party from filing a meritorious motion, it is clear in this case that the warning did not have a chilling effect.  In fact, immediately after the trial court announced the conditional sanctions, defendants asked if they would be in violation of the order if they requested a stay.  The trial court considered the motion, denied the stay, and did not impose sanctions.

The record in this case, spanning now three appeals, supports the trial court's concerns that defendants were improperly attempting to delay the execution of the judgment by filing motions with questionable merit.  The trial court's warning protected the litigants' rights to a timely resolution of the claims and did not violate defendant's rights to due process.

## F.  LAW OF THE CASE

Finally, defendants argue that Keskey's due-process rights were violated when he was required to withdraw as the attorney of record for defendants.  This Court, however, has already

---

[4] This Court rule has subsequently been moved to MCR 1.109(5), which retains the substance of the former MCR 2.114(F).

decided this issue twice. As part of defendants' appeal of right of the judgment, Keskey asserted that the trial court wrongfully required Keskey to withdraw as attorney of record for the purposes of trial. *Lansing Parkview I*, unpub op at 8. This Court disagreed, concluding that, even assuming the trial court abused its discretion, Keskey had not shown prejudice resulting from the trial court's decision. *Id* at 8-9. Then, during defendants' second appeal, Keskey again asserted that the trial court violated his constitutional rights by not allowing him to represent himself. *Lansing Parkview II*, unpub op at 12. This Court quoted its prior opinion and stated, "To the extent that Keskey raises the same issues involving the same occurrences before the trial court that were already addressed by this Court in its previous decision, Keskey is precluded by the law of the case doctrine from doing so." *Id*. at 13.

Defendants now raise the same issue for a third time. Because this Court has decided this issue in both prior appeals, we are precluded from revisiting it in this appeal. *Lenawee Co v Wagley*, 301 Mich App 135; 149; 836 NW2d 193 (2013).

Affirmed. As the prevailing party, plaintiff may tax costs. MCR 7.219.


/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood