YOUNG v SELLERS

Docket No. 239829. Submitted December 11, 2002, at Detroit. Decided December 20, 2002, at 9:00 A.M. Leave to appeal sought.

Tedi Young filed in the Oakland Circuit Court a complaint alleging medical malpractice by John D. Sellers, D.O., and John Sellers, D.O., P.C., within the statutory period of limitation, but inadvertently failed to file along with the complaint a statutorily required affidavit of merit that was executed within the limitation period. After the limitation period expired, the plaintiff moved for permission to file the affidavit of merit and the defendants moved for summary disposition based on the statute of limitations. The court, Alice L. Gilbert, J., granted the plaintiff's motion and denied the defendants' motion, entering an order nunc pro tunc treating the affidavit of merit as filed on the date the complaint was filed. The defendants appealed by leave granted.

The Court of Appeals *held*:

To commence a medical malpractice action, a plaintiff must timely file both a complaint and an affidavit of merit. Failure to file a complaint and an affidavit of merit will not toll the limitation period. A plaintiff who neglects to file both an affidavit of merit and a complaint within the period of limitation, regardless of the reason, is barred from proceeding with the claim.

Reversed.

NEGLIGENCE — MEDICAL MALPRACTICE — COMPLAINTS — AFFIDAVITS OF MERIT — LIMITATION OF ACTIONS.

A medical malpractice plaintiff who does not file with the trial court both a complaint and an affidavit of merit within the applicable statutory period of limitation, regardless of the reason, is barred from proceeding with the claim (MCL 600.2912d).

*Law Offices of Leslie M. Kohn, PLLC* (by *Leslie M. Kohn*), for the plaintiff.

*Feikens, Stevens, Kennedy & Galbraith, P.C.* (by *Jeffrey Feikens*), for the defendants.

Before: FITZGERALD, P.J., and WILDER and COOPER, JJ.

COOPER, J. In this medical malpractice action, defendants appeal by leave granted the trial court's order granting plaintiff's motion for late filing of an affidavit of merit and denying defendants' motion for summary disposition.

On November 28, 2001, plaintiff filed a medical malpractice claim against John D. Sellers, D.O., and John Sellers, D.O., P.C. Plaintiff's complaint stemmed from a hysterectomy that was performed by Dr. Sellers on June 10, 1999. Plaintiff claimed that as a result of Dr. Sellers' negligence she suffered fistulous communication (fecal-vaginal fistula) and was forced to undergo further surgeries to correct this condition.

Plaintiff obtained a signed and sworn affidavit of merit from Ronald Zack, M.D., who is board certified in obstetrics and gynecology, on November 23, 2001. However, plaintiff inadvertently failed to file the affidavit of merit with her complaint. Plaintiff subsequently mailed the complaint to defendant on December 6, 2001. Pursuant to defense counsel's request, a secretary for plaintiff's counsel faxed a copy of the affidavit of merit to her office on December 27, 2001. Plaintiff's counsel alleged that he discovered that the original affidavit of merit was still in his case file on January 9, 2002, and that he immediately filed it with the trial court.

Plaintiff filed a motion on January 14, 2002, requesting an order allowing the late filing of the affidavit of merit. In the motion, plaintiff explained that the affidavit of merit was obtained well before the period of limitation expired and that it was accidentally omitted when the complaint was filed by an

employee. Plaintiff noted that the statute is silent with regard to the sanctions for failing to timely file an affidavit of merit. Further, plaintiff alleged that the late filing would not prejudice defendants.

On January 17, 2002, defendants filed a motion for summary disposition on the ground that plaintiff's medical malpractice claim was time-barred and should be dismissed. MCR 2.116(C)(7). Specifically, defendants asserted that the affidavit of merit needed to be filed with the complaint to toll the period of limitation. According to defendants, the period of limitation for plaintiff's claim expired on December 10, 2001.

During the February 6, 2002, hearing on plaintiff's motion, the trial court determined that the signed affidavit of merit was in existence before the filing of the complaint. As such, the trial court concluded that there was no period of limitation problem. The trial court noted that it was "not.as though an Affidavit of Merit was never executed [and] that [p]laintiff is going out after he filed his [c]omplaint to get an Affidavit of Merit so the factual sequence should indicate clearly that the Affidavit was already in existence at the time the [c]omplaint was filed." Applying this rationale, the trial court ordered an order nunc pro tunc to correct the date of the filing of the affidavit of merit. Accordingly, the trial court denied defendants' pending motion for summary disposition.

On appeal, defendants claim that the trial court erred when it allowed plaintiff to file an affidavit of merit after the expiration of the period of limitation. A trial court's decision to grant or deny a motion for summary disposition is reviewed de novo on appeal. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 62; 642

NW2d 663 (2002). Likewise, "[a]bsent disputed questions of fact, whether a cause of action is barred by a statute of limitations is a question of law that this Court also reviews de novo." *Hudick v Hastings Mut Ins Co*, 247 Mich App 602, 605-606; 637 NW2d 521 (2001). With regard to a motion for summary disposition pursuant to MCR 2.116(C)(7), this Court reviews the affidavits, pleadings, and other documentary evidence presented by the parties and "accept[s] the plaintiff's well-pleaded allegations, except those contradicted by documentary evidence, as true." *Novak v Nationwide Mut Ins, Co*, 235 Mich App 675, 681; 599 NW2d 546 (1999).

In MCL 600.2912d, the Legislature set forth the requirements for commencing a medical malpractice action. In pertinent part, the statute requires:

> (1) Subject to subsection (2), the plaintiff in an action alleging medical malpractice or . . . the plaintiff's attorney *shall file with the complaint an affidavit of merit* signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169. . . .
>
> (2) Upon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is represented by an attorney, the plaintiff's attorney an additional 28 days in which to file the affidavit required under subsection (1). [MCL 600.2912d (emphasis added).]

The existing case law construing the statutory authority governing medical malpractice actions states that the failure to timely file a complaint *and* an affidavit of merit will not toll the applicable limitation period. *Scarsella v Pollak*, 461 Mich 547, 550; 607 NW2d 711 (2000), adopting *Scarsella v Pollak*, 232 Mich App 61;

591 NW2d 257 (1998); *Holmes v Michigan Capital Medical Ctr*, 242 Mich App 703, 706-707; 620 NW2d 319 (2000). To commence a medical malpractice action, a plaintiff must file both a complaint and an affidavit of merit. *Scarsella, supra* at 549. According to *Scarsella, supra* at 550, allowing a party to amend a complaint by appending the untimely affidavit of merit would merely act to circumvent the requirement of MCL 600.2912d(1) that a party file the complaint and the affidavit to commence the action. In *Holmes, supra* at 708, this Court reversed a trial court's decision permitting the late filing of an affidavit of merit for good cause. Thus, a plaintiff in a medical malpractice action who neglects to file both an affidavit of merit and a complaint within the period of limitation, regardless of the reason, is barred from proceeding with the claim. *Scarsella, supra; Holmes, supra.* Although the Legislature provides an additional twenty-eight days to file an affidavit of merit for good cause, MCL 600.2912d(2), the mere filing of such a motion does not act to toll the period of limitation. *Barlett v North Ottawa Community Hosp*, 244 Mich App 685, 693-694; 625 NW2d 470 (2001).

Plaintiff claims that the dismissal of her claim would be inappropriate because she obtained an affidavit of merit before the limitation period expired. In support of this argument, plaintiff cites *VandenBerg v VandenBerg*, 231 Mich App 497; 586 NW2d 570 (1998), and *Dorris v Detroit Osteopathic Hosp*, 460 Mich 26; 594 NW2d 455 (1999). In both these cases, the Courts concluded that dismissal with prejudice was not mandated where the plaintiff failed to file the affidavit of merit with the complaint. *Dorris, supra* at 47-48; *VandenBerg, supra* at 502-503. Unfortunately, *Scarsella,*

*supra* at 550 n 1, 551-552, distinguished both these cases on the ground that they did not involve a statute of limitations problem.

In the instant case, it is undisputed that the affidavit of merit was signed before the period of limitation expired. The alleged medical malpractice occurred on June 10, 1999. Plaintiff filed a notice of intent on June 6, 2001, within the two-year limitation period, and was allowed an additional 182 days to file her complaint and affidavit of merit. MCL 600.2912b(1); MCL 600.5856(d). On November 28, 2001, plaintiff filed her complaint. However, plaintiff did not file the affidavit of merit, signed on November 23, 2001, until January 9, 2002.

The purpose of MCL 600.2912d is to deter frivolous medical malpractice claims. *VandenBerg, supra* at 502-503. In the instant case, plaintiff filed a facially legitimate claim and procured an affidavit of merit before the expiration of the statutory period of limitation. Compare *Scarsella, supra* at 549 (where plaintiff did not file an affidavit of merit until two days before the hearing on defendant's motion for summary disposition). Defendants in this case were not prejudiced and indeed never raised such an argument. We, however, are bound by the principles of stare decisis to issue a decision that is clearly form over substance. Under the case law, as interpreted by the Supreme Court, we are required to bar plaintiff's claim as a result of this inadvertent clerical error. See *Boyd v W G Wade Shows*, 443 Mich 515, 523; 505 NW2d 544 (1993).

The entire concept of the judicial system is one of justice and fundamental fairness. To deny plaintiffs access to the court system on the basis of inadvertent

clerical error is patently unfair. Indeed, the trial court is in the best position to determine whether an error is egregious or clerical. When trial courts make such determinations, as in the instant case, it is incumbent upon the appellate courts, absent an abuse of discretion, to respect the trial court's judgment. We have found that "dismissal of a claim is a drastic sanction that should be taken cautiously." *VandenBerg, supra* at 502. Unfortunately, we are constrained to follow a hard line and uncompromising approach to medical malpractice claims. Regrettably, the trial court's decision in this case must be reversed.

It is our hope that the Supreme Court will revisit or distinguish *Scarsella* so that clearly inadvertent errors no longer have such a harsh result. An attorney's inadvertent error should not result in harm to the legitimate claimants for whom the system of justice was developed to serve.

Reversed.

FITZGERALD, P.J., concurred.

WILDER, J. I concur in result only.