# STATE OF MICHIGAN

# COURT OF APPEALS

RUBEN CASTRO and CHRISTY CASTRO,

Plaintiffs- Appellants,

v

JAMES ALAN GOULET, MD and JAMES
ALAN GOULET MD, PC,

Defendants-Appellees,

and

STEPHEN R. TOLHURST, MD[1]

Defendant.

FOR PUBLICATION
August 20, 2015
9:00 a.m.

No.  316639
Washtenaw Circuit Court
LC No.  13-000138-NH

Before:  RONAYNE KRAUSE, P.J., and WILDER and STEPHENS, JJ.

RONAYNE KRAUSE, P.J.

Plaintiffs appeal as of right an order granting defendants' motion for summary disposition of their medical malpractice claim under MCR 2.116(C)(7) for the failure to file an affidavit of merit (AOM) with their complaint within the two-year period of limitations. Instead of an AOM, plaintiffs filed with their complaint a motion to extend the time for filing an AOM as provided for by MCL 600.2912d(2). The trial court granted that motion, however subsequently granted summary disposition on the grounds that the action itself was untimely. We reverse and remand.

This Court reviews de novo matters of statutory interpretation, as well as the trial court's decision to grant or deny a motion for summary disposition. See *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012). Summary disposition pursuant to MCR 2.116(C)(7) is appropriate if a "claim is barred by an applicable statute of limitations." *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). "In reviewing a motion under subrule (C)(7), a court

---

[1] The parties stipulated to dismiss Stephen R. Tolhurst, MD from the case with prejudice and without costs.

accepts as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor." *Id*. We otherwise review de novo the trial court's determinations of law; however, any factual findings made by the trial court in support of its decision are reviewed for clear error, and ultimate discretionary decisions are reviewed for an abuse of that discretion. *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 470-472; 719 NW2d 19 (2006). Under the clear error standard, this Court defers to the trial court unless definitely and firmly convinced that the trial court made a mistake, and under the abuse of discretion standard, this Court "cannot disturb the trial court's decision unless it falls outside the principled range of outcomes." *Id*. at 472.

An AOM generally must be filed with a medical malpractice complaint. MCL 600.2912d(1). Ordinarily, a complaint filed without an AOM is "insufficient to commence the lawsuit" and does not toll the statute of limitations. *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000). However, the Legislature has provided for certain narrow exceptions to that general requirement; in relevant part, MCL 600.2912d(2) provides:

> Upon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is represented by an attorney, the plaintiff's attorney an additional 28 days in which to file the affidavit required under subsection (1).

Consequently, a medical malpractice plaintiff may, under appropriate circumstances, be permitted to file their AOM up to 28 days *after* filing the complaint.[2] Our Supreme Court has expressly recognized that a plaintiff may be unable to obtain an AOM within the requisite time period, in which case "the plaintiff's attorney *should* seek the relief available in MCL 600.2912d(2)." *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 228-229; 561 NW2d 843 (1997) (emphasis added). If the trial court finds "a showing of good cause, an additional twenty-eight days [are permitted] to obtain the required affidavit of merit." *Id*. at 229. "During this period, the statute will be tolled and summary disposition motions on the ground of failure to state a claim should not be granted." *Id*.

This Court has clarified that it is ultimately the granting of the motion that effectuates the 28-day tolling, not merely filing the motion. *Barlett v North Ottawa Community Hosp*, 244 Mich

---

[2] Other exceptions may apply under circumstances not relevant to the instant matter. We do not discuss any such additional exceptions here. We also note that we are aware that our Supreme Court has recently reiterated that "a medical malpractice action can only be commenced by filing a timely NOI and then filing a complaint and an affidavit of merit after the applicable notice period has expired, but before the period of limitations has expired." *Tyra v Organ Procurement Agency of Michigan*, ___ Mich ___, ___; ___ NW2d ___ (2015), slip op at p 21. This general rule governing the commencement of medical malpractice actions is inapplicable here. The exception at issue here was neither before the Court in *Tyra* nor even mentioned by the Court, and the Court emphasized in no uncertain terms that matters not directed to its attention by counsel would not be considered. *Id*. at ___ (slip op at pp 15-17). *Tyra* adds nothing to the question at issue in the case at bar.

App 685, 692; 625 NW2d 470 (2001). Furthermore, the tolling period only runs from the date the complaint is filed; it cannot resurrect a claim where the complaint itself was untimely. *Ligons v Crittenton Hosp*, 490 Mich 61, 74-75, 84-85; 803 NW2d 271 (2011). However, plaintiffs filed their complaint here within the two-year limitations period, their motion was granted,[3] and they filed their AOM fewer than 28 days after the date of the filing of their complaint.[4] Consequently, plaintiffs acted properly pursuant to both statute and case law.[5]

Defendants and the dissent believe it is relevant that the trial court granted plaintiffs' motion on March 8, 2013, which is of course well after the expiration of the 28-day period. The only relevance is the fact that, as noted, the trial court actually granted the motion. MCL 600.2912d(2) explicitly affords "an additional 28 days in which to file the affidavit required under subsection (1)," which in turn specifies that the affidavit should be filed with the complaint. Our Supreme Court's discussion of the statute likewise articulates the need for an AOM at the commencement of an action, unless an *additional* 28 days are provided by the granting of a motion under MCL 600.2912d(2). *Ligons*, 490 Mich at 84-85; *Solowy*, 454 Mich at 229 (emphasis added). That period is "an extension." *Scarsella*, 461 Mich at 552. By statute and by precedent, the 28-day period must run from the date the complaint is filed, irrespective of when the motion is granted. Not only would a contrary holding violate the plain reading of the statute, it would also make a plaintiff's rights turn not on plaintiff's compliance with the

---

[3] Defendants raise an alternative argument that no "good cause" was shown. As we will discuss *infra*, we disagree.

[4] The alleged malpractice occurred on February 9, 2011, so the limitations period was set to expire on February 9, 2013. See MCL 600.5805(6). Plaintiffs filed their complaint and their motion to extend the time for filing an AOM on February 4, 2013, and their AOM on February 26, 2013. The dissent relies on our Supreme Court's analysis in *Gladych v New Family Homes, Inc*, 468 Mich 594, 603-604; 664 NW2d 705 (2003), for the proposition that the notice period expired and therefore rebooted, necessitating a new summons and complaint. This ignores the fact that *by statute*, MCL 600.2912d(2) provides for an *extension* of the period within which to file and for what is effectively the "perfection" of a complaint initially filed without an AOM with a later filing of the AOM. Furthermore, the continuing vitality of *Gladych* is doubtful, given that the Legislature amended MCL 600.5856 after that case was decided to clarify that the statute of limitations is tolled "[a]t the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules." The tolling criteria were satisfied here.

[5] We are puzzled by the dissent's citation to *Holmes v Mich Capital Med Ctr*, 242 Mich App 703, 709; 620 NW2d 319 (2003). In that case, this Court explicitly stated that the limitation period at issue was not tolled and thus the claim was not timely brought "[b]ecause plaintiffs failed to comply with MCL 600.2912d; MSA 27A.2912(4) by filing an affidavit of merit with their complaint *or by requesting an extension of time in which to file their complaint*." *Id.* (emphasis added). *Holmes* supports rather than refutes our position. Moreover, *Holmes* does not address the impact of a trial court's delayed grant of a requested extension. We fail to perceive the relevance of *Holmes*.

procedures established by the Legislature, but rather purely on the vagaries of when the trial court, or more likely not even the court but rather a docketing clerk, chooses to hear or docket the motion. In effect, the dissent and defendants would render MCL 600.2912d(2) nugatory.[6]

The obvious significance of the timing requirements in MCL 600.2912d(2) is that a plaintiff who makes a motion to extend time must proceed on the assumption that the motion will be granted. Conversely, the trial court need not go to particular lengths to rush the matter, which could risk a less-than-optimal decision for either party. Because plaintiffs complied with the requirements of the statute, and they filed their complaint and motion within the two-year limitations period and their AOM within 28 days thereafter, the only remaining issue is defendant's alternate argument that plaintiffs failed to show good cause.

"Good cause" is not defined in the statute. The term has, in such undefined circumstances, been found "so general and elastic in its import that we cannot presume any legislative intent beyond opening the door for the court to exercise its best judgment and discretion in determining if conditions exist which excuse the delay when special circumstances are proven to that end." *Lapham v Oakland Circuit Judge*, 170 Mich 564, 570; 136 NW 594 (1912). The trial court's finding of good cause, or for that matter of a lack of good cause, is consequently a highly discretionary one. *Id*. at 570-571. As discussed, we will disturb a trial court's exercise of discretion only if the result falls outside the range of principled outcomes. *Herald Co, Inc*, 475 Mich at 472.

According to the complaint, defendant doctors performed a left hip arthroscopy surgical procedure on plaintiff Ruben Castro. Before the surgery, he did not have erectile dysfunction, but afterward, he suffered from decreased sensation in his penis, pain when urinating, and erectile dysfunction causing the inability to procreate. Plaintiffs alleged that Ruben's injuries were caused by defendants' negligent "use of the perineal traction post using excessive pressure, and employing the same for a period in excessive [sic] of two [2] hours both being contrary to the standard of practice." Plaintiffs also alleged that defendants failed to inform Ruben that erectile dysfunction was a possible consequence of the procedure. Plaintiffs contend that he would not have undergone surgery if he had known of that possible side effect. In addition to negligence, plaintiffs alleged a loss of consortium.

Significantly to the issue on appeal, defendants contended that plaintiffs had unreasonably procrastinated in bringing the instant action. Plaintiffs argued that the reason for the delay was that doctors had told Ruben "that erectile dysfunction which may occur from surgery in which a perineal traction post is utilized goes away, after weeks or months" but that no such promised recovery occurred for Ruben. Plaintiffs stated they would have filed the lawsuit earlier if medical professionals had not advised Ruben that erectile dysfunction would subside and then completely phase out weeks or months after surgery. In other words, plaintiffs

---

[6] The dissent inexplicably concludes that plaintiffs are *not* at the mercy of the potentially capricious or arbitrary whims of a docketing clerk or a potentially full docket, because plaintiffs can—and plaintiff here did not—express a plea for expeditiousness. We are unable to locate any Court Rule or statute requiring such a plea.

delayed because of defendants' assurances that the complications Ruben suffered would end on their own.  The purpose of the AOM requirement in MCL 600.2912d is to deter the filing of frivolous medical malpractice claims.  *VandenBerg v VandenBerg*, 231 Mich App 497, 502-503; 586 NW2d 570 (1998).  Plaintiffs attempted, on the basis of defendants' assurances, to achieve precisely the same effect and avoid filing a needless suit.  Under the circumstances, we simply cannot find that the trial court's decision to allow plaintiffs the 28-day extension was outside the range of principled outcomes.  The trial court had ample grounds to find good cause and we find there is no abuse of discretion in granting the allowed statutory extension.

The trial court properly granted plaintiffs' motion to extend the time in which to file their AOM, and plaintiffs properly complied with all of the timing requirements set forth in MCL 600.2912d.  Consequently, plaintiffs' action was timely commenced, and the trial court should not have granted summary disposition pursuant to MCR 2.116(C)(7) on the basis of it being untimely.  We therefore reverse and remand for further proceedings.  We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Cynthia Diane Stephens