*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHEN UZL,

      Plaintiff-Appellant,

v

ROBERT M. DOTTERER, M.D., and MUNSON
MEDICAL CENTER, INC.,

      Defendants-Appellees.

UNPUBLISHED
March 2, 2023

No. 358645
Grand Traverse Circuit Court
LC No. 2021-035744-NH

Before: RIORDAN, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

Plaintiff, Stephen Uzl, appeals by right the trial court's order granting summary disposition in favor of defendants, Robert M. Dotterer, M.D., and Munson Medical Center, Inc. (the hospital), on the basis that plaintiff's medical malpractice action was time-barred. Plaintiff also appeals the court's ruling dismissing the case against Dr. Dotterer on the additional ground that the summons had expired before Dr. Dotterer was served with the summons and complaint. We hold that the statute of limitations had not expired with respect to plaintiff's lawsuit and that service of the complaint on Dr. Dotterer occurred after the summons had elapsed. Accordingly, we reverse in part and affirm in part.

## I. GOVERNING LEGAL AUTHORITIES AND PRINCIPLES

To give context to our discussion of the procedural history of the case, we begin with a review of the relevant legal authorities. "[A]n action involving a claim based on medical malpractice may be commenced at any time within the applicable period prescribed in section 5805 or sections 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later." MCL 600.5838a(2). Pertinent here, MCL 600.5805(8) provides that "the period of limitations is 2 years for an action charging malpractice." Generally speaking, "[t]he limitations period for a medical malpractice action is two years." *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 310; 901 NW2d 577 (2017). A medical malpractice claim "accrues at the time of the act or omission that is the basis for the

-1-

claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838a(1).

"[T]he plaintiff in an action alleging medical malpractice . . . shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under [MCL 600.2169]." MCL 600.2912d(1). To properly commence a medical malpractice suit, a plaintiff is required to file both a complaint and an affidavit of merit (AOM). *Zarzyski v Nigrelli*, 337 Mich App 735, 741; 976 NW2d 916 (2021). The filing of a complaint and an AOM "toll[s] the period of limitations until [and if] the validity of the affidavit is successfully challenged in subsequent judicial proceedings." *Kirkaldy v Rim*, 478 Mich 581, 586; 734 NW2d 201 (2007) (quotation marks and citation omitted). But when a medical malpractice plaintiff wholly omits to file an AOM as required by MCL 600.2912d(1), the filing of the complaint does not work a tolling of the applicable limitations period. *Zarzyski*, 337 Mich App at 741-742, quoting *Scarsella v Pollak*, 461 Mich 547, 553; 607 NW2d 711 (2000). Critically important to the resolution of this case, MCL 600.2912d(2) provides that "[u]pon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is represented by an attorney, the plaintiff's attorney an additional 28 days in which to file the [AOM]."

"[A] person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced." MCL 600.2912b(1). "The notice of intent [NOI] to file a claim required under subsection (1) shall be mailed to the last known professional business address or residential address of the health professional or health facility who is the subject of the claim." MCL 600.2912b(2). The statute of limitations is tolled in a medical malpractice suit "[a]t the time notice is given in compliance with the applicable notice period under [MCL 600.2912b], if during that period a claim would be barred by the statute of limitations . . .; but in [such a] case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given." MCL 600.5856(c).

A couple of Michigan Supreme Court Administrative Orders also impacted the running of the statute of limitations in this case. They are Administrative Orders Nos. 2020-3 and 2020-18, and AO 2020-3 was rescinded by AO 2020-18, which provided:

> In Administrative Order No. 2020-3, the Supreme Court issued an order excluding any days that fall during the State of Emergency declared by the Governor related to COVID-19 for purposes of determining the deadline applicable to the commencement of all civil and probate case types under MCR 1.108(1). Effective Saturday, June 20, 2020, that administrative order is rescinded, and the computation of time for those filings shall resume. For time periods that started before Administrative Order No. 2020-3 took effect, the filers shall have the same number of days to submit their filings on June 20, 2020, as they had when the exclusion went into effect on March 23, 2020. . . .

Tracking the AOs issued by our Supreme Court, the Governor issued Executive Order No. 2020-58, which stated:

Consistent with Michigan Supreme Court Administrative Order No. 2020-3, all deadlines applicable to the commencement of all civil and probate actions and proceedings, including but not limited to any deadline for the filing of an initial pleading and any statutory notice provision or other prerequisite related to the deadline for filing of such a pleading, are suspended as of March 10, 2020 and shall be tolled until the end of the declared states of disaster and emergency.[1]

We note that the AOs referred to a starting tolling date of March 23, 2020, whereas the EOs referenced March 10, 2020, but the Staff Comment to the Supreme Court's AO 2020-18 recognized the inconsistency and indicated as follows:

Note that although the order regarding computation of days entered on March 23, 2020, it excluded any day that fell during the State of Emergency declared by the Governor related to COVID-19, which order was issued on March 10, 2020. Thus, the practical effect of Administrative Order No. 2020-3 was to enable filers to exclude days beginning March 10, 2020. This timing is consistent with the executive orders entered by the Governor regarding the tolling of statutes of limitation.

The parties agree that the Supreme Court's and Governor's orders resulted in a tolling of the statute of limitations for 102 days.

With respect to the issue concerning the timeliness of plaintiff's service of the summons and complaint on Dr. Dotterer, MCR 2.102(E) provides, in pertinent part:

(1) On the expiration of the summons as provided in subrule (D), the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction. As to a defendant added as a party after the filing of the first complaint in the action, the time provided in this rule runs from the filing of the first pleading that names that defendant as a party.

(2) After the time stated in subrule (E)(1), the clerk shall examine the court records and enter an order dismissing the action as to a defendant who has not been

---

[1] Subsequently, the Governor issued EO 2020-122, which provided:

Consistent with Michigan Supreme Court Administrative Order No. 2020-18, all deadlines applicable to the commencement of all civil and probate actions and proceedings, including but not limited to any deadline for the filing of an initial pleading and any statutory notice provision or other prerequisite related to the deadline for filing of such a pleading, are tolled from March 10, 2020 to June 19, 2020.

Executive Order 2020-58 will remain in effect through June 19, 2020. Effective June 20, 2020 at 12:01 am, Executive Order 2020-58 is rescinded.

served with process or submitted to the court's jurisdiction. The clerk's failure to enter a dismissal order does not continue an action deemed dismissed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's medical malpractice action arises out of a surgical procedure performed on June 23, 2018, by Dr. Dotterer at the hospital. Plaintiff alleged as follows:

10. Defendant Dotterer breached [the] standard of care and was negligent by performing a laparoscopic cholecystectomy instead of an open cholecystectomy; or in the alternative failed to convert the laparoscopic procedure to an open procedure when [Dr. Dotterer] realized the area was not conducive to a laparoscopic procedure d[u]e to prior surgical changes.

11. As direct and proximate result[s] of the above negligent acts and omissions, Plaintiff suffered multiple perforations of his small bowel and possibly his colon. Those perforations led to prolonged and multiple infections, sepsis and severe complications affecting multiple organ systems, which have severely and permanently disabled Mr. Uzl.

There is no dispute that plaintiff's medical malpractice action accrued on June 23, 2018, and that the two-year statute of limitations applied to the case. Accordingly, the limitations period began running on June 23, 2018. In March 2020, AO 2020-3 and EO 2020-58 were issued, tolling the statute of limitations for 102 days until those orders were rescinded in June 2020 under AO 2020-18 and EO 2020-122. On October 1, 2020, with just a few days remaining on the limitations period that was set to expire on October 5, 2020, plaintiff filed and served defendants with an NOI, thereby once again tolling the statute of limitations. On April 1, 2021, with the 182-day NOI waiting period having elapsed and the limitations period set to expire on April 5, 2021, plaintiff filed his medical malpractice complaint, but he did not file an AOM. Instead, on April 1, 2021, along with the complaint, plaintiff filed an ex parte motion for an extension of time to file the requisite AOM. The record contains a notice of hearing dated April 5, 2021, which indicates that plaintiff's ex parte motion was scheduled for a ZOOM hearing on April 19, 2021.[2] According to the register of actions, on April 7, 2021, plaintiff submitted a proposed order granting the AOM extension motion, which the court did not sign at the time. On April 19, 2021, *after the expiration of the statute of limitations 14 days earlier,* the trial court entered an order granting the ex parte motion to file a late AOM.[3] The order gave plaintiff 28 days from the date of the order to file an

---

[2] Defendants contend that the register of actions reflects that there was a hearing on the motion on April 5, 2021, but our review of the record, including transcripts, and the register of actions simply reveals that the notice of hearing was filed and served on April 5, 2021.

[3] We note that the record does not contain a transcript of any hearing held on April 19, 2021, nor does the register of actions reference any hearing on that date; consequently, it does not appear that a hearing was actually held. Instead, the court apparently simply issued the order that day.

AOM. On April 29, 2021, within the order's allotted timeframe and 28 days since the filing of the complaint, plaintiff filed an AOM executed by Dr. Katherine Trahan.

On July 13, 2021, defendants filed a motion for summary disposition under MCR 2.116(C)(7) and (10). Defendants recounted the procedural history of the case and acknowledged the tolling of the statute of limitations under the AOs, EOs, and MCL 600.5856(c) (NOI-related tolling). Under defendants' calculations, plaintiff had until April 5, 2021, to file his complaint and AOM in order to avoid summary dismissal based on the expiration of the two-year limitations period. Defendants conceded that the complaint was timely filed; however, because the AOM was not filed with the complaint, the statute of limitations continued to run and no tolling occurred. Defendants argued that although plaintiff moved on April 1, 2021, for additional time to file an AOM, the order granting the motion was not entered until April 19, 2021, which was 14 days after the limitations period had expired. Defendants contended that under *Barlett v North Ottawa Community Hosp*, 244 Mich App 685; 625 NW2d 470 (2001), the simple act of filing a motion to extend the time to submit an AOM does not toll the statute of limitations. Defendants maintained that "because the mere filing of the motion for extension of time to file the affidavit of merit did not toll the statute of limitations, and because the order granting the motion was not entered until 14 days after the statute of limitations expired, Plaintiff's complaint is barred by the statute of limitations."

On July 13, 2021, Dr. Dotterer separately filed a motion to dismiss pursuant to MCR 2.102(E).[4] Dr. Dotterer indicated that the summons was issued on April 1, 2021, and expired on July 1, 2021. Dr. Dotterer asserted that on June 30, 2021, by way of e-mail, his counsel offered to accept service of the complaint, but counsel did not agree to accept service after expiration of the summons. According to Dr. Dotterer, while plaintiff's counsel accepted defense counsel's offer by e-mail on July 1, 2021, plaintiff's attorney did not actually serve the summons and complaint on defense counsel until July 4, 2021, which was after the summons had expired.[5] Dr. Dotterer therefore argued that the complaint against him was subject to dismissal under MCR 2.102(E)(1).

Plaintiff filed a response to defendants' motion for summary disposition, but he did not file a response to Dr. Dotterer's separate motion to dismiss.[6] In the response, plaintiff argued that the

---

[4] Dr. Dotterer's attorney had filed a limited appearance in the case in order to file the motions to dismiss.

[5] In defense counsel's e-mail of June 30, 2021, counsel asked plaintiff's attorney, "Did you serve Dr. Dotterrer [sic]? I can accept service for him if not. Just let me know." Plaintiff's counsel responded on July 1, 2021, stating, "Ok."

[6] At the hearing on the two motions, plaintiff argued that because defense counsel represented both the hospital and Dr. Dotterer and because the hospital had already been served with the summons and complaint, when plaintiff's attorney indicated approval on July 1, 2021, of defense counsel's willingness to accept service on behalf of Dr. Dotterer, plaintiff's attorney reasonably believed that no more was required as defense counsel already had the complaint that encompassed both defendants. That said, plaintiff's attorney still served defense counsel with the summons and complaint for Dr. Dotterer on July 4, 2021.

-5-

*Barlett* case was distinguishable and thus irrelevant. According to plaintiff's counsel, he was injured in a fall on March 22, 2021, resulting in emergency surgery "to release a compressed spinal cord," multiple cervical fusion procedures, a lengthy hospitalization and rehabilitation, and a current inability to drive. Counsel explained that the accident caused the delay in filing the AOM. He further noted that he had a second medical malpractice case in Grand Traverse County that was in a very similar posture and that a different trial judge almost immediately granted a motion to extend the time to file an AOM, which saved that case from being time-barred. But in this case, the trial court waited almost three weeks before granting the motion. In his cursory response brief, plaintiff's only true substantive argument, which is a bit difficult to decipher, was as follows:

> MCL 600.5856 would have tolled MCL 600.2912d(2) [sets forth good-cause motion to extend time to file an AOM] until the instant case was dismissed on April 19th if [the trial court] had dismissed this case. As such 18 days would have been saved (4/1 to 4/19). That means the 18 days would have been added to April 5, 2021, meaning the new statute date would have been . . . 4/23 and the affidavit could have been filed between 4/19 and 4/23.

In a reply brief, defendants reiterated their argument that simply filing a motion for an extension of time to file an AOM does not toll the running of the statute of limitations. Along with again citing *Barlett*, 244 Mich App 685, defendants argued that *Young v Sellers*, 254 Mich App 447; 657 NW2d 555 (2002), also supported their position.

A hearing on defendants' two motions was held on August 16, 2021, at which the court entertained fairly brief arguments and then took the matter under advisement. On September 3, 2021, the trial court issued a written opinion and order granting both of defendants' motions. The court summarily dismissed with prejudice the medical malpractice action against both defendants on a finding that it was time-barred, along with, although now moot, dismissing without prejudice the suit against Dr. Dotterer based on the expired summons. The trial court thoroughly reviewed the applicable legal authorities and the procedural history of the case. The court agreed with defendants regarding *Barlett* and *Young* and that they stood for the proposition that merely filing a motion to extend the time to file an AOM under MCL 600.2912d(2) does not toll the limitations period. But the trial court also found that this Court's decision in *Castro v Goulet*, 312 Mich App 1; 877 NW2d 161 (2015), reached a different conclusion, ruling that filing a motion under MCL 600.2912d(2) tolls the statute of limitations even when the motion is granted after the limitations period would have otherwise expired. The trial court determined that because *Barlett* and *Young* were the first opinions out, having been issued over a decade before *Castro* was decided, they controlled under MCR 7.215(J)(1).[7] Accordingly, the court ruled that plaintiff's medical malpractice action was time-barred.

---

[7] MCR 7.215(J)(1) provides:

> A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1,

Even though unnecessary to do so, the trial court then addressed Dr. Dotterer's motion to dismiss. The court ruled:

> In this matter, the summons was issued on April 1, 2021, with an expiration date of July 1, 2021. Defendant Dotterer was not served with the summons and complaint until July 4, 2021, three days after expiration of the summons. The plain language of MCR 2.102(E) requires that the claims against Defendant Dotterer be dismissed without prejudice.

Plaintiff now appeals.

## III. ANALYSIS

### A. STANDARD OF REVIEW AND SUMMARY DISPOSITION PRINCIPLES

"The question whether a cause of action is barred by the applicable statute of limitations is one of law, which this Court reviews de novo." *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, PC v Bakshi*, 483 Mich 345, 354; 771 NW2d 411 (2009). We also review de novo a trial court's ruling on a motion for summary disposition. *Id.* Summary dismissal is proper under MCR 2.116(C)(7) when an action is barred because of the "statute of limitations." In *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008), this Court recited the principles governing a motion for summary disposition brought pursuant to MCR 2.116(C)(7):

> Under MCR 2.116(C)(7) . . ., this Court must consider not only the pleadings, but also any affidavits, depositions, admissions, or other documentary evidence filed or submitted by the parties. The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. This Court must consider the documentary evidence in a light most favorable to the nonmoving party. If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate. [Citations omitted.]

### B. STATUTORY CONSTRUCTION

In *Slis v Michigan*, 332 Mich App 312, 335-336; 956 NW2d 569 (2020), this Court recited the well-accepted principles and rules of statutory construction, observing:

> This Court's role in construing statutory language is to discern and ascertain the intent of the Legislature, which may reasonably be inferred from the words in the statute. We must focus our analysis on the express language of the statute because it offers the most reliable evidence of legislative intent. When statutory language is clear and unambiguous, we must apply the statute as written. A court

---

1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule.

is not permitted to read anything into an unambiguous statute that is not within the manifest intent of the Legislature. Furthermore, this Court may not rewrite the plain statutory language or substitute its own policy decisions for those decisions already made by the Legislature.

Judicial construction of a statute is only permitted when statutory language is ambiguous. A statute is ambiguous when an irreconcilable conflict exists between statutory provisions or when a statute is equally susceptible to more than one meaning. When faced with two alternative reasonable interpretations of a word in a statute, we should give effect to the interpretation that more faithfully advances the legislative purpose behind the statute. [Quotation marks and citations omitted.]

## C. DISCUSSION AND RESOLUTION

### 1. STATUTE OF LIMITATIONS

The focus of the parties' arguments on appeal concerns the proper interpretation of this Court's decisions in *Barlett*, *Young*, and *Castro*. Plaintiff argues that *Castro* is directly on point and supports the view that plaintiff's motion to extend the time to file an AOM under MCL 600.2912d(2) tolled the limitations period, meaning that when he filed the AOM as permitted by the court's order granting the motion, the statute of limitations had not yet expired and the action was thus timely. Plaintiff also contends that to the extent that *Barlett* and *Young* might suggest otherwise, they are easily distinguishable and therefore irrelevant. On the other hand, defendants maintain that *Barlett* and *Young* are directly on point, that they do not allow tolling of the limitations period based merely on filing an AOM extension motion under MCL 600.2912d(2), that *Barlett* and *Young* govern over *Castro* because they were decided before *Castro* was issued, MCR 7.215(J)(1), and that *Castro* was wrongly decided.

Plaintiff additionally complains that the trial court was to blame for the delay in granting the ex parte motion for an extension of time to file the requisite AOM. Plaintiff argues that had the trial court acted in a prudent manner and expeditiously granted the motion, as was done by another trial judge in a comparable case being litigated by plaintiff's counsel, the AOM and thus the lawsuit would unquestionably have been timely.

### (a) *BARLETT*

In *Barlett*, the plaintiff filed a medical malpractice complaint on July 27, 1998, along with a motion under MCL 600.2912d(2) to extend the time to file an AOM. *Barlett*, 244 Mich App at 688. The statute of limitations was set to expire on July 28, 1998. *Id.* at 690. Absent a hearing or ruling on the AOM extension motion, the plaintiff filed an AOM on August 11, 1998. *Id.* at 688. On November 8, 1998, the defendant hospital moved to summarily dismiss the case on the basis that it was time-barred. *Id.* at 688-689. On November 30, 1998, the plaintiff finally filed a notice of hearing with respect to the motion brought pursuant to MCL 600.2912d(2), which had been filed months earlier. *Id.* at 689. The trial court denied the AOM extension motion and granted the motion for summary disposition, concluding that the limitations period had expired because the AOM was not filed until after expiration of the statute of limitations. *Id.* at 690, 694 n 2. This Court ruled that the granting of a motion to extend time to file an AOM tolls the limitations period,

that there is no tolling until a court renders the decision to grant the motion, and that the mere filing of the motion does not toll the limitations period. *Id.* at 692. The *Barlett* panel held:

> Here, plaintiff filed a motion for extension of time to file the affidavit of merit, but did not notice the motion for hearing. Plaintiff's motion was not called to the trial court's attention until November 30, 1998, more than four months after the expiration of the period of limitation. Further, the affidavit of merit was filed after the expiration of the period of limitation and without an order by the trial court granting the motion to extend the time to file the affidavit. Because plaintiff was not granted an extension of time to file the affidavit of merit, and because a medical malpractice complaint filed without an affidavit of merit is insufficient to commence the lawsuit, the trial court properly dismissed the complaint with prejudice. [*Id.* at 693-694.[8]]

The Court in *Barlett* certainly entertained different procedural facts than those involved in the present case. The *Barlett* plaintiff did not timely notice the AOM extension motion for hearing, filed the AOM after the limitations period had expired absent a ruling from the trial court, and did not bring the motion to the court's attention until months after filing the motion. Moreover, the trial court *denied* the motion to extend the time to file the AOM. It is true that the *Barlett* panel did state that filing the motion under MCL 600.2912d(2) did not toll the statute of limitations. But there were multiple grounds upon which the Court rejected the plaintiff's appeal in *Barlett*, and the Court's statement regarding tolling can reasonably be viewed as dicta. More importantly, the procedural distinctions between *Barlett* and the case at bar provide a sound reason not to apply *Barlett*'s tolling ruling to this case considering that *Castro*, as will soon be discussed, is directly on point and expressly distinguished and limited *Barlett*.

(b) *YOUNG*

In *Young*, the plaintiff obtained a fully executed AOM on November 23, 2001, and she filed a medical malpractice complaint against the defendants on November 28, 2001, inadvertently forgetting to file the AOM with her complaint. *Young*, 254 Mich App at 448. The statute of limitations expired on December 10, 2001. *Id.* at 449. On December 27, 2001, the plaintiff mailed the AOM to defense counsel, and on January 9, 2002, the plaintiff filed the AOM with the court. *Id.* at 448, 452. On January 14, 2002, the plaintiff moved under MCL 600.2912d(2) for formal permission to extend the time to file her AOM, which had already been filed. *Id.* at 449. The trial court entered an order nunc pro tunc, retroactively "correcting" the filing date of the AOM such that it was timely, considering that it had been in existence since before the complaint was filed. *Id.* Citing *Barlett*, the *Young* panel mentioned that the "mere filing of . . . a motion [under MCL 600.2912d(2)] does not act to toll the period of limitation." *Young*, 254 Mich App at 451. This Court then held:

---

[8] The Michigan Supreme Court denied the plaintiff's delayed application for leave to appeal. *Barlett v North Ottawa Community*, 465 Mich 907 (2001).

The entire concept of the judicial system is one of justice and fundamental fairness. To deny plaintiff[] access to the court system on the basis of inadvertent clerical error is patently unfair. Indeed, the trial court is in the best position to determine whether an error is egregious or clerical. When trial courts make such determinations, as in the instant case, it is incumbent upon the appellate courts, absent an abuse of discretion, to respect the trial court's judgment. We have found that dismissal of a claim is a drastic sanction that should be taken cautiously. Unfortunately, we are constrained to follow a hard line and uncompromising approach to medical malpractice claims. Regrettably, the trial court's decision in this case must be reversed. [*Id.* at 453 (citation omitted).[9]]

Although the *Young* panel cited the proposition from *Barlett* that filing an AOM extension motion does not toll the statute of limitations, it was not ultimately pertinent to the Court's ruling in that the motion was not filed until more than a month after the limitations period had already expired. Accordingly, we conclude that *Young* has no bearing on our ruling.

(c) *CASTRO*

In *Castro*, the plaintiffs appealed an order granting the defendants' motion for summary disposition of the plaintiffs' medical malpractice lawsuit under MCR 2.116(C)(7) for failure to file an AOM with their complaint within the two-year limitations period. *Castro*, 312 Mich App at 3. The plaintiffs had instead filed, along with their complaint, a motion to extend the time for filing an AOM. *Id.* The trial court granted the motion after the limitations period had elapsed, but it subsequently granted summary disposition on the ground that the action itself was time-barred. *Id.* at 3, 10. This Court ruled:

[A] medical malpractice plaintiff may, under appropriate circumstances, be permitted to file their AOM up to 28 days after filing the complaint. Our Supreme Court has expressly recognized that a plaintiff may be unable to obtain an AOM within the requisite time period, in which case the plaintiff's attorney should seek the relief available in MCL 600.2912d(2). If the trial court finds a showing of good cause, an additional twenty-eight days are permitted to obtain the required affidavit of merit. During this period, the statute will be tolled and summary disposition motions on the ground of failure to state a claim should not be granted.

*This Court has clarified that it is ultimately the granting of the motion that effectuates the 28-day tolling, not merely filing the motion*. Barlett v North Ottawa Community Hosp, 244 Mich App 685, 692; 625 NW2d 470 (2001). Furthermore, the tolling period only runs from the date the complaint is filed; it cannot resurrect a claim where the complaint itself was untimely. However, in this case plaintiffs filed their complaint within the two-year limitations period, their motion for additional time was granted, and they filed their AOM fewer than 28 days after the

---

[9] The Michigan Supreme Court denied the plaintiff's delayed application for leave to appeal. *Young v Sellers*, 469 Mich 899 (2003).

date on which they filed their complaint. Consequently, plaintiffs acted properly pursuant to both statute and caselaw.

Defendants and the dissent believe it is relevant that the trial court granted plaintiffs' motion on March 8, 2013, which is of course well after the expiration of the 28-day period. The only relevance is the fact that, as noted, the trial court actually granted the motion. MCL 600.2912d(2) explicitly affords an additional 28 days in which to file the affidavit required under subsection (1), which in turn specifies that the affidavit should be filed with the complaint. Our Supreme Court's discussion of the statute likewise articulates the need for an AOM at the commencement of an action, unless an additional 28 days are provided by the granting of a motion under MCL 600.2912d(2). That period is an extension. By statute and by precedent, the 28-day period must run from the date the complaint is filed, irrespective of when the motion is granted. Not only would a contrary holding violate the plain reading of the statute, it would also make a plaintiff's rights turn not on the plaintiff's compliance with the procedures established by the Legislature, but rather purely on the vagaries of when the trial court, or more likely not even the court but rather a docketing clerk, chooses to hear or docket the motion. In effect, the dissent and defendants would render MCL 600.2912d(2) nugatory.

The obvious significance of the timing requirements in MCL 600.2912d(2) is that a plaintiff who makes a motion to extend time must proceed on the assumption that the motion will be granted. Conversely, the trial court need not go to particular lengths to rush the matter, which could risk a less-than-optimal decision for either party. Because plaintiffs complied with the requirements of the statute, and they filed their complaint and motion within the two-year limitations period and their AOM within 28 days thereafter, the only remaining issue is defendant's alternate argument that plaintiffs failed to show good cause. [*Castro*, 312 Mich App at 4-7 (quotation marks, citations, brackets, and ellipses omitted; emphasis added).[10]]

As in *Castro*, our plaintiff filed his complaint and accompanying AOM extension motion before the statute of limitations had expired, and the motion was granted after the limitations period had elapsed. And like the plaintiffs in *Castro*, plaintiff in this case filed the actual AOM (filed on April 29, 2021) within 28 days after he filed his complaint and motion for an extension of time to file an AOM (both filed on April 1, 2021). Consequently, *Castro* dictates that the limitations period here was tolled starting on April 1, 2021, when the complaint and AOM extension motion

---

[10] On the defendants' application for leave to appeal, the Michigan Supreme Court initially scheduled oral argument on the application, directing the parties to address "whether the filing of a motion for an extension of time to file an affidavit of merit, which is subsequently granted, is sufficient to toll the statute of limitations." *Castro v Goulet*, 499 Mich 951 (2016). After hearing oral argument on the issue, our Supreme Court denied leave to appeal. *Castro v Goulet*, 501 Mich 884 (2017).

-11-

were filed. Under *Castro*, it was irrelevant to the tolling question that the trial court granted the motion after the statute of limitations had expired. The *Castro* panel expressly limited the reach of *Barlett* by accepting the proposition that tolling does not occur by simply filing an AOM motion, while also stating that such tolling does indeed take place when the filing is followed by the granting of the motion, which did not occur in *Barlett*. Therefore, there is no conflict between *Barlett* and *Castro*. *Castro* is directly on point, and our Supreme Court took a very close look at the *Castro* decision by holding oral argument on the application for leave, ultimately letting it stand. We are not at liberty to disregard the binding opinion in *Castro*, and we decline to ask for the convening of a special conflict panel. See MCR 7.215(J)(1) and (2). Accordingly, we hold that plaintiff's medical malpractice action was timely and improperly dismissed.[11]

## 2. SERVICE OF SUMMONS AND COMPLAINT ON DR. DOTTERER

The full extent of plaintiff's argument on appeal with respect to the service issue is as follows:

> Defendants and the trial court rely upon MCR 2.102(E) in requesting that the case be dismissed for Plaintiff's failure to serve Defendant Dotterer within 91 days. However, Defendant Dotterer was served on the 90th day (June 29th) when appellate counsel Ms. Matson offered to accept service for Defendant Dotterer, and the undersigned accepted the offer on the 91st day (July 1). . . . Ms. Matson had been representing Defendant Dotterer since October 19, 2020. . . . According to MCR 2.102(F), a stipulation of the parties is a basis for setting aside a dismissal. [12]

This cursory argument fails because it is wholly undermined by the fact that plaintiff's counsel served the summons and complaint on defense counsel—accepting it on behalf of Dr. Dotterer—by e-mail on July 4, 2021, which he would not have done had he truly believed that service had already been fully accomplished on July 1, 2021. Moreover, defense counsel merely offered to accept service on behalf of Dr. Dotterer, clearly a reference to a future event, and did not indicate that service would be a fait accompli on a simple "Ok" by plaintiff's counsel.[13] We

---

[11]Given our ruling, we need not address plaintiff's additional arguments.

[12] MCR 2.102(F) states that "[a] court may set aside the dismissal of the action as to a defendant under subrule (E) only on stipulation of the parties or when all of the following conditions are met . . . ." This provision is entirely irrelevant because there was no stipulation to set aside the dismissal.

[13] We note that although he makes no reference to the documents in his appellate argument on this issue, plaintiff had submitted below a woefully incomplete proof of service and an unsigned certified mailing receipt that he apparently thought could demonstrate service of the complaint on Dr. Dotterer by certified mail on July 1, 2021. The documents establish nothing, and defendants submitted an affidavit by the hospital's chief legal officer which averred that Dr. Dotterer was retired and that the address listed in plaintiff's documents—a suite in the hospital's building—was not occupied by Dr. Dotterer.

hold that the trial court did not err by granting Dr. Dotterer's motion for dismissal under MCR 2.102(E).

We reverse in part and affirm in part. We do not retain jurisdiction. We decline to award taxable costs under MCR 7.219.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ James Robert Redford