*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIM L. WILKERSON,

                    Plaintiff-Appellee,

v

CHELSEA CHIROPRACTIC CENTER and JAMES
G. DUNCAN II, D.C.,

                    Defendants-Appellants.

UNPUBLISHED
August 24, 2023

No.   361263
Washtenaw Circuit Court
LC No.   21-001299-NH

Before:  GADOLA, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff filed his complaint for medical malpractice without attaching a valid and timely affidavit of merit.  The trial court denied defendants summary disposition when they moved for dismissal based on the complaint's lack of an accompanying valid and timely affidavit of merit. We reverse.

On May 28, 29, and 30, 2019, plaintiff received treatment from Dr. James Duncan II at Chelsea Chiropractic Center.  Plaintiff subsequently visited a hospital emergency room, where he was diagnosed with a compression fracture in his spine.  Plaintiff alleged that defendants were responsible for the compression fracture or had exacerbated his injury by not properly diagnosing the injury.

On May 24, 2021, plaintiff mailed defendants his notice of intent to sue for medical malpractice, and he filed his complaint on November 23, 2021.  Along with his complaint, plaintiff moved for an additional 28 days to file the required affidavit of merit under MCL 600.2912d(2). Plaintiff then emailed a "declaration of merit" to defendants on December 22, 2021.

The trial court granted plaintiff's motion for additional time on January 7, 2022, and plaintiff filed his "declaration of merit" with the trial court on January 10, 2022.  Defendants moved for summary disposition under MCR 2.116(C)(7), arguing that the 28-day extension runs from the date of the complaint and, thus, plaintiff's 28-day extension ended on December 21, 2021. Further, defendants argued that plaintiff's "declaration of merit" was not valid because it did not

indicate that it was made before a person having the authority to administer an oath or affirmation to the party making the declaration.

The trial court denied defendants' motion because it found that plaintiff's affidavit was timely. Defendants now submit their interlocutory appeal by leave granted. *Kim Wilkerson v Chelsea Chiropractic Ctr*, unpublished order of the Court of Appeals, issued October 18, 2022 (Docket No. 361263).

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). In reviewing a trial court's decision under MCR 2.116(C)(7), we consider the record evidence to determine whether the "claim is barred by an applicable statute of limitations." *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). This Court also reviews de novo matters of statutory interpretation. *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012).

MCL 600.2912d(1) requires a plaintiff to submit an affidavit of merit with the complaint for medical malpractice. It reads in relevant part:

> (1) Subject to subsection (2), the plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169.
>
> * * *
>
> (2) Upon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is represented by an attorney, the plaintiff's attorney an additional 28 days in which to file the affidavit required under subsection (1).

Even though our Supreme Court recently held that "filing an [affidavit of merit] under MCL 600.2912d(1) is not required to commence a medical malpractice action and toll the statutory limitations period," it also made clear that "[t]he [affidavit of merit] requirement is mandatory and must be followed. No one disputes this." *Ottgen v Katranji*, ___ Mich ___; ___ NW2d ___ (2023) (Docket No. 163216), slip op at 3, 6. "Plaintiffs…still have to file the [affidavit of merit] and their claims might be dismissed when they fail to do so." *Id*. at 6 (cleaned up). "Our Supreme Court's discussion of the statute likewise articulates the need for an [affidavit of merit] at the commencement of an action, unless an additional 28 days are provided by the granting of a motion under MCL 600.2912d(2)." *Castro v Goulet*, 312 Mich App 1, 6; 877 NW2d 161 (2015). "By statute and by precedent, the 28-day period *must run* from the date the complaint is filed, irrespective of when the motion is granted." *Id*. (emphasis added).

Further, the unambiguous statutory language of MCL 600.2912d(1) demands that the plaintiff or his attorney "shall file with the complaint an affidavit of merit signed by a health professional." *Holmes v Michigan Capital Med Ctr*, 242 Mich App 703, 706; 620 NW2d 319 (2000) (citation omitted). "To constitute a valid affidavit, a document must be (1) a written or

printed declaration or statement of facts, (2) made voluntarily, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." *Id.*

In this case, it is not disputed that plaintiff filed his complaint on November 23, 2021. Consequently, plaintiff had until December 21, 2021, to file his affidavit of merit with a 28-day extension. Plaintiff admits that he did not email his "declaration of merit" to defendants until December 22, 2021, and he did not file his "declaration of merit" with the trial court until January 10, 2022. Thus, plaintiff did not file his affidavit of merit within the 28-day extension.

Further, plaintiff's "declaration of merit" did not indicate that it was made before a person having the authority to administer an oath or affirmation to the party making the statement as required by MCL 600.2912d(1). *Id.* Thus, even if this Court were to consider plaintiff's "declaration of merit" to be timely filed for the purposes of MCL 600.2912d(2), it was not a valid affidavit.

Plaintiff failed to file a timely and valid affidavit of merit, and the trial court erred when it denied defendants summary disposition because a timely and valid affidavit is required for a medical malpractice action. See *Ottgen*, ___ Mich at ___, slip op 6; *Holmes*, 242 Mich App at 711.

Reversed and remanded for proceedings consistent with this opinion.

/s/ Michael F. Gadola
/s/ Michael J. Kelly
/s/ Brock A. Swartzle